W. W. GARNER, Appellant, v. J. F. KRATZER, Appellee.

EVIDENCE: "Parol Evidence" Rule—Written Contract Conditioned 1,3,5 On Performance of Oral Condition. Parol evidence is competent to show that a writing, in form a complete contract, and delivered, was not to become effective until the performance of a condition resting in parol.

PRINCIPLE APPLIED: Defendant agreed, in writing, to sell to plaintiff certain stock of a corporation with which defendant was connected. In an action for damages for refusal to so sell, defendant pleaded that, before said written contract was entered into, it was *orally* agreed that plaintiff should be employed by the company for one year, upon the express condition that the employment should cease and the written contract *should not become effective* if plaintiff (a) proved to be unfaithful, incompetent,

unreliable, of bad repute, reputation, or moral character, or (b) quit the employment or was discharged before the end ·of the year. *Held,* evidence of such oral agreement was admissible.

**EVIDENCE:** Relevancy, Materiality and Competency—Immaterial Issue—Rebuttal. One who introduces evidence on an immaterial issue may not complain when his adversary counters with evidence in rebuttal. Neither may he complain that the court refused to direct the jury to disregard such rebuttal.

**EVIDENCE:** ''Parol Evidence'' Rule—Written Contract Conditioned On Performance of Oral Condition.

**CONTRACTS:** Breach Preventing Contract from Becoming Effective —Subsequent Recognition—Effect. A contract which never became effective, because of the shortcoming of plaintiff, who seeks to enforce it, is not rendered effective after the expiration of the time limit fixed in the writing, by a quasi recognition of the existence of the contract which in no wise caused the plaintiff to change his position, especially when such apparent recognition contemplated terms materially different from those embodied in the writing in question.

**EVIDENCE:** ''Parol Evidence'' Rule—Written Contract Conditioned on Performance of Oral Condition.

*Appeal from Polk District Court.*—WM. S. AYRES, Judge.

SATURDAY, DECEMBER 18, 1915.

ACTION for damages on breach of contract to sell stock resulted in a verdict and judgment thereon for defendant. The plaintiff appeals.—*Affirmed.*

*Franklin & Miller* and *E. D. Perry,* for appellant.

*Coffin & Hippee,* and *Parker, Parrish & Miller,* for appellee.

LADD, J.—The facts are recited in the opinion filed on the former appeal, 163 Iowa 559. The judgment was reversed, because of the error of the trial court in not submitting the issues to the jury. On the last trial, this was done, and appellant contends that the court erred in not setting aside the verdict, in rulings on the admission of evidence and in refusing and giving instructions. Without reviewing the evidence,

it is enough to say that, on all issues submitted, it was conflicting, and for this reason the verdict ought not to be disturbed.

I. It will be recalled that about September 6, 1901, the plaintiff was employed as a traveling representative or field agent of the Kratzer Carriage Company, and that, under the same date, the president of the company addressed the following letter to him:

"Mr. W. W. Garner, New Sharon, Iowa. Dear Sir: If you wish to take stock in our company I will agree to deliver to you 30 shares of our capital stock, $100 per share, at the price that our inventory of October 15, 1901, shows the stock and surplus or earnings to be actually worth, taken from our actual inventory. You could pay me interest on the stock and earnings or surplus at the rate of 6% per annum, payable annually, and an annual payment of 1/6 of the actual value each 12 months, the earnings of said stock if declared surplus shall remain with each share as surplus and if declared as a dividend shall apply on each share as payment. I will further agree to deliver stock in amounts of 5 or more shares at any time that payment is made. You will be required to attend all meetings of our company as soon as you become a stockholder.

"Yours truly,

"J. F. Kratzer."

Plaintiff endorsed his acceptance thereon. The petition alleged that Kratzer subsequently refused to perform this contract and prayed for damages. The defendant, in one division of his answer, pleaded that plaintiff and defendant, for himself and also for the company, agreed that plaintiff should be employed for one year in order to determine whether he was a suitable and competent person to represent the company as desired; that the contract with reference to the sale of 30 shares of stock should be pre-

1. EVIDENCE: "parol evidence" rule: written contract conditioned on performance of oral condition.

pared and entered into upon the express condition that, ''if he did not prove to be a faithful, competent, able and reliable employee, or if he quit said employment or was discharged before the end of the year, or if he proved to be a person of bad repute, reputation or moral character, then, if in any of said events, the contract to sell, as well as that of the employment should cease.'' Evidence to sustain such oral agreement was clearly admissible; for it did not tend to vary the terms of the contract, but to show whether it had ever taken effect. This seems to be conceded in argument, though admitting the evidence is said in a brief point to have been error. That the ruling was correct appears from *Lavalleur v. Hahn*, 152 Iowa 649, and other like decisions.

II. Evidence was admitted, over plaintiff's objection, that about and subsequent to November, 1909, plaintiff was indebted to a bank in a large amount; that there were several unsatisfied judgments against him; for it appeared that, on that date, the dividends paid defendant were enough to pay for the stock. But the evidence was in direct

2. EVIDENCE: relevancy, materiality, and competency: immaterial issue: rebuttal.

response to the testimony of Garner that he was, up to that time, ready, able and willing to pay all required for the purchase of the stock. Having opened that field of inquiry, appellant is not in a situation to predicate error on rulings allowing appellee to follow. Moreover, that question was not submitted to the jury. The court, upon ascertaining that the dividends paid defendant up to and including that of October, 1909, more than equalled the amount owing on the contract, if any there was, told the jury to find for plaintiff if the contract took effect and had not been waived or released. The ruling, in any event, then, could not have been prejudicial. This also disposes of the exception to the court's refusal to instruct the jury not to consider such evidence. Having introduced evidence bearing on his financial condition, appellant cannot complain if the court declines to tell the jury to disregard it. In any event, there was no prejudice, for that

the matter of his financial condition was not involved in any issue submitted to the jury.

III. Evidence was also received, over objection, tending to show that plaintiff did not properly perform duties as field agent. He insists that the proper performance of his duties was not a condition to the taking effect of contract. Kratzer testified that:

3. EVIDENCE: "parol evidence" rule: written contract conditioned on performance of oral condition.

"Garner said he would come to work with the understanding that if he could fill the position he would take the stock and that I could hold him for the stock", and "that he did not want any stock if he could not hold the position".

Kratzer testified further that he had pointed out to plaintiff the requirements of the company that its employees must be clean and reliable men of good character, and give their time exclusively to the work of the company. The plaintiff, while ostensibly working for the company, had engaged in handling horses for himself, and had charged and received expenses which he falsely represented to have been incurred elsewhere, and had appropriated to his personal use funds collected by him for the company. There was evidence, then, that the proper performance of his duties was one of the conditions to the taking effect of the contract, and also that he breached such condition.

IV. The defendant requested the court to instruct the jury that:

"You are instructed that, if you find that plaintiff was not a satisfactory employee to the Kratzer Carriage Company, and did not remain in the employ of the said company for a year, yet if you further find that, subsequent to the time that plaintiff ceased to be in the employ of the Kratzer Carriage Company, plaintiff and defendant recognized the written contract sued on as being in full force and effect between them, then and in that case you will not consider the testimony relating to the oral agreement pleaded by

4. CONTRACTS: breach preventing contract from becoming effective; subsequent recognition: effect.

defendant in his answer, as heretofore set forth and explained
in these instructions. For if you do so find that said written
contract sued on was recognized by defendant as valid and
binding upon him, after plaintiff ceased to be in the employ of
the Kratzer Carriage Company, the fact that said oral agree-
ment was entered into, if it was entered into, would constitute
no defense to plaintiff's action.''

There were two sufficient reasons for not giving this
instruction: (1) If the oral contract was actually made, as
alleged by defendant, then the letter and acceptance thereof
never became effective as a contract, and the mere fact that
defendant talked about turning over the stock if plaintiff
showed the money to pay for it did not make such of these.
The plaintiff never paid, nor offered to pay, a cent of the
price; and the mere suggestion that the stock was ready, if
he had the money, in no manner misled plaintiff to his preju-
dice. Had it done so, then it might be that defendant would
not be heard to deny the existence of the contract. But plain-
tiff does not appear to have changed his attitude in any respect
because of these talks. (2) If, in 1903, 1904 and 1907,
defendant did say, in substance, that if plaintiff would show
the money to pay, he could have the stock, the latter never
exhibited the necessary money, nor offered to do so nor to
make any showing of his ability to pay; and therefore de-
fendant was in no manner bound on his proposition. Nor
was this a recognition of the terms of the letter; for cash was
required, whereas that permitted payments of one sixth
annually. Manifestly, defendant was not caring to make a
statement of the company's business, and from this the
amount which would be owing for the stock, unless assured
that plaintiff was in a situation to pay therefor. Doubtless
defendant supposed that plaintiff was acting with the design
of extracting a money settlement, and, so thinking, he was
within his rights in ''calling the bluff'', and, in doing so, did
not inject new life into the letter and acceptance, which the
jury found never took effect or afterwards was waived. In

any event, the defendant cannot be said, in making a new, though somewhat similar, proposition for the disposition of the stock, to have so recognized an agreement that never became effective as such.   The instruction was rightly refused.

V. It is said that there is no evidence that the plaintiff was a man of bad character, and on this ground the court erred in giving the first instruction.   That he misappropriated some of the money collected for the company; that he procured money from the company by falsely representing that he had paid expenses which he had not in fact paid; and that he deceived the company by representing that he was at one place attending to the company's business when he was in fact at another, attending to his private affairs, certainly tended to stamp him as a person of bad moral character. There was no error.   That this instruction does not conflict with the third paragraph of the charge is too manifest for discussion.   It is said that a portion of the second instruction placed upon plaintiff the burden of proving the alleged oral agreement.   It reads in part:   "If you have found that said oral agreement was not entered into, but that said written agreement was complete in itself", the dividends are to be applied in payment of the purchase price of stock of $8,254.12. This was merely a statement of the consequences to follow such a finding, and in no manner conflicted with the previous instruction, plainly telling the jury that the burden was on defendant to prove the alleged oral agreement.   Other criticisms require no attention.

5. EVIDENCE: "parol evidence" rule: written contract conditioned on performance of oral condition.

Finally, it is urged that plaintiff has not been accorded a fair and impartial trial.   We think otherwise.   The case is an attempt to acquire something for nothing, and probably, but for the phenomenal dividends of the Kratzer Carriage Company, would never have found its way into court.— *Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.