C. A. CARNEY, Appellant, v. CHRIS MILLER et al., Appellees.

EVIDENCE: Parol Condition. An oral condition precedent to the taking effect of a written contract may be shown.

*Appeal from Floyd District Court.*—M. F. EDWARDS, Judge.

NOVEMBER 22, 1919.

ACTION to recover the consideration stated in a written contract of purchase. Defendant admitted his signature to

the written contract, but averred that the contract never went into effect, because an oral condition precedent was not performed by plaintiff. There was a verdict and judgment for the defendant, and plaintiff appeals.—*Affirmed.*

*F. & F. M. Linnell,* for appellant.

*H. L. Lockwood,* for appellees.

EVANS, J.—The contract sued on was as follows:

"This agreement, made and entered into the 25th day of September, 1915, by and between C. A. Carney and C. Miller & Son.

"First party, who is owner of one-half interest in the Nebraska Blaugas contract of the date of December 16, 1914, covering the following townships in Chickasaw County, Iowa: Washington, Jacksonville, Dayton and New Hampton, for the sale of Blaugas plants and fixtures.

"First party agrees to sell to the second party the above described one half of the Nebraska Blaugas contract, and accept pay for the same on the following terms: Twenty-five dollars in cash, twenty dollars on each plant sold by the second party, until the full payment of $200 has been paid.

"The second party is to have one year's time to make the above-mentioned payments.

"All material, stove or demonstrator to be included with contract, storage on same at New Hampton to be paid in full by parties of first part."

The subject-matter of this written contract was a certain written license held by the plaintiff, and another from the patentee of an invention, authorizing the plaintiff to sell the invention in certain prescribed territories. This written license to the plaintiff expressly bound the licensee not to assign the same without the written consent of the licensor, and further provided that, in the event of such as-

signment without the consent of the licensor, such licensor might, at his option, declare a forfeiture. The oral condition precedent pleaded by the defendant was that the written consent of the licensor should be obtained before the written agreement should be deemed to go into effect. The plaintiff filed a reply, denying such oral condition, and further averred that the defendant had operated under the contract and taken benefits thereunder by selling the same and receiving a consideration therefor. Upon these facts, the plaintiff based a plea of estoppel.

The pivotal questions of fact involved were:

(1) Did the parties agree upon an oral condition precedent, as pleaded by the defendant?

(2) If yea, did the defendant take the benefit of the written agreement by receiving a consideration for the sale thereof to another?

On both the foregoing questions of fact, the evidence was directly contradictory. The jury found with the defendant.

The pivotal question of law presented on this appeal as a ground of reversal is, Was it competent for the defendants to plead and prove the alleged oral condition precedent to the taking effect of the written contract? On this question, the plaintiff made appropriate objections, and saved appropriate exceptions throughout the trial.

The evidence was properly received. *Lavalleur v. Hahn,* 152 Iowa 649; *Garner v. Kratzer,* 173 Iowa 292; Browne on Parol Evidence, Section 32.

This question enters into all the grounds of reversal set forth by appellant, and our holding thereon is decisive of all such grounds.

We may add that it is very doubtful whether the plaintiff stated any cause of action upon his contract. The plaintiff treated it in his petition as a promise to pay the sum of $200, of which $25 was paid at the time of its execution.

It is not a promise to pay such sum. It is a promise to pay $20 on each "plant sold," up to the amount of $200. No plants were sold. For the first reason stated, the judgment of the trial court must be—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.