FIRST NATIONAL BANK OF CRARY, Respondent, v. HERBERT MILLER, Ella Miller, Earl Miller, and George Thompson, Appellants.

(179 N. W. 997.)

**Bills and notes — guaranty — conditional delivery defenses between original parties to note.**

1. Plaintiff brought action to recover upon an $800 promissory note. The defense was that it was delivered conditionally and for a special purpose. The

action is between the original parties, and no question of a purchaser for value, before maturity, in due course, is involved. The defenses interposed are, under § 6901, Comp. Laws 1913, available.

**Bills and notes — guaranty — no recovery by payee after accomplishment of conditions for which note was delivered.**

2. The evidence showing that the note was delivered conditionally and for special purpose, and the conditions and special purpose having been accomplished, and the note being of no further effect or validity, the plaintiff was not entitled to recover on the same, and the judgment of the trial court in his favor is reversed.

**Bills and notes — guaranty — after accomplishment of special purpose of note, maker and guarantors not liable.**

3. Defendant, the maker of the note, and the remainder of the defendants as guarantors, executed and delivered their note to the plaintiff for the special purpose of procuring money with which to complete the amount of a cash bail for one Earl Miller, charged with a criminal offense, the money to be placed with the state's attorney, and, if the bail were exonerated, to be returned to the plaintiff, and the note to be returned to the defendants.

The bail was, by order of the court, exonerated. In these circumstances, proof of the conditions and special purpose being quite conclusive, it is *held* that neither the maker nor the guarantors are under any further legal liability upon the note.

**Evidence — as to conditions in which and special purpose for which note was delivered did not vary terms of the note.**

4. It is *held* that the introduction of evidence to show the conditions under which, and the special purpose for which, the note was delivered, did not tend to vary the terms of a written instrument, the note, in view of the right, under the above statute, to show that it was delivered conditionally or for a special purpose.

Opinion filed October 27, 1920.   Rehearing denied November 26, 1920.

Appeal from a judgment of the District Court of Ramsey County, *C. W. Buttz, J.*

Judgment reversed and new trial ordered.

*H. S. Blood* and *E. T. Burke,* for appellants.

NOTE.—Authorities discussing the question of admissibility of parol evidence to show that a bill or note was delivered upon condition are collated in notes in 18 L.R.A.(N.S.) 288; and L.R.A.1917C, 306.

It is always competent to prove by parol what the real consideration of a written instrument is. Comp. Laws 1913, § 6901; Grebe v. Swords, 28 N. D. 330; 7 Cyc. 706; First State Bank v. Kelly, 30 N. D. 84.

*Rollo F. Hunt,* for respondent.

A banking corporation cannot lend its credit to another by becoming surety, indorser, or guarantor for him. 7 C. J. 547, 815; 3 R. C. L. 425; 32 L.R.A.(N.S.) 545, note.

When suing upon a contract which is ambiguous or uncertain in its provisions, when applied to the subject-matter of litigation, the pleading should so state, and by averment point out wherein plaintiff claims the contract to be uncertain. Johnson v. Kindred State Bank, 12 N. D. 336.

Grace, J. This is an action brought by plaintiff upon a promissory note in the sum of $800, dated December 20, 1917, and due October 1, 1917, bearing 10 per cent interest, against Herbert Miller, as maker, and Ella Miller, Earl H. Miller, and George Thompson, as guarantors.

The complaint is in the ordinary and usual form in such cases. Each of the defendants answered separately. Herbert Miller admits making and delivering the note, but in his answer shows that this was done conditionally, in that the same was delivered as security and indemnity for bail for one Earl H. Miller, one of the guarantors of the note, who was confined in the county jail on the criminal charge of rape; that it was agreed that when the bail was exonerated, the note would be released and returned to the indorsers. It is alleged there was no other or further consideration for the note than above stated.

The guarantors by proper allegations show the conditional delivery of the note, in substance, as above stated; and also that it was agreed by plaintiff and them, and Allen Miller and William Miller, when said note was indorsed, that the plaintiff would make no loans to defendant Herbert Miller, on account of said note, or advance to him any money, or pay any money to any of his creditors, or to itself, on account of said note, and that none of the indorsers would assume any liability for any of the debts or obligations of Herbert Miller, by indorsing the note, and that the only liability they would assume was to reimburse plaintiff

in case it should be required to pay the amount of the bail. They deny any other consideration of the note.

The bail was first fixed at $5,000; it was subsequently reduced to $2,000, on condition that the bail be furnished in cash. The bail was furnished in cash, as follows: By Mr. Smith, president of the plaintiff bank, $400; by Charles Doyon, $400; by W. C. Hegdar, $400; all of which was deposited with clerk of court of Ramsey county, and which was returned to them when the bail was exonerated by order of the court.

Herbert Miller gave his check, certified by the bank, to Hunt, for $800; it and the above amounts aggregated the sum of $2,000, the amount of cash bail fixed. Hunt as state's attorney presented the $800 certified check to the plaintiff bank for payment, and received from it a cashier's check payable to him as state's attorney, which was deposited by him with the clerk of court unindorsed, until after the trial of Earl H. Miller, who at his trial was acquitted and discharged, and his bail, by order of court, exonerated. After the order of the court exonerating his bail, and while the cashier's check was yet, by Hunt, unindorsed, the sheriff of Ramsey county levied upon it under execution issued on a certain judgment against Herbert Miller.

It was claimed by the defendant indorsers, that a third-party claim was made by the bank, upon the sheriff, for a return of the check, and that the bank afterward abandoned and withdrew this claim. The check being payable to the order of Hunt as state's attorney, after the order of the court exonerated the bail, and while the check was unindorsed, and after the levy of the execution thereon, the sheriff procured what is denominated a writ of certiorari directed to Hunt, ordering him to show cause why he should not indorse the check, so that the sheriff might cash it and use the money for satisfying the execution.

At the conclusion of the hearing of the order to show cause, the court ordered Hunt to indorse the check, which he did. The sheriff cashed the check, the bank paying him the money on it. The bank then brought suit on the note.

Defendants assign four errors, all of which may be considered under the charge, that the court erred in directing verdict in favor of the plaintiff for the full value of the note, in view of the evidence showing, or tending to show, that the note was made and delivered conditionally,

in the manner claimed by defendants, and by the court excluding certain evidence and offers of certain evidence, tending to establish the conditions upon which payment of the note was indorsed and guaranteed, and erred in refusing to grant defendants' motion for a directed verdict made at the close of the case.

Section 6901, Comp. Laws 1913, reads thus: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between the immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the *delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.* But when the instrument is in the hands of the holder in due course, a valid delivery thereof, by all parties prior to him, so as to make them liable to him, is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

In this case no question of a holder in due course arises, and hence no consideration of that subject is necessary. The defendants have pleaded, in substance, that the note was delivered conditionally, and for a special purpose. That special purpose was the furnishing of cash bail for Earl Miller, and for that purpose, and upon the condition that the note would be returned when the bail was exonerated, the note was delivered to the plaintiff bank.

It was also a condition that the note, or its proceeds, were not to be used to pay any of the private debts of Herbert Miller. It was not delivered for that purpose. It was delivered to the bank for the special purpose of procuring the balance of the bail money, which was to be returned if the bail were exonerated, and the note returned to the maker and the indorser. This was the true and only purpose of executing and delivering the note.

It appears the plaintiff bank, being a national bank, was under restrictions of law, relative to its powers and duties, in regard to signing bonds. Perhaps it may have determined that that restriction would ex-

tend to a cash bail bond. Whatever may be the facts in this regard, we think, from the history of the whole case as presented here under the evidence, and circumstances shown by it, that the drawing of the check upon the bank by Herbert Miller, for an amount equaling the note, was simply a means adopted to procure the balance of the cash bail.

The character of the transaction was not changed in the least by the state's attorney cashing the certified check which Herbert Miller gave him, and receiving instead thereof a cashier's check from the plaintiff bank. Herbert Miller's check, certified by the bank, was equally as good as the check of the cashier. We think it conclusively appears from the testimony, and the circumstances surrounding the transaction which appear in the evidence, and from the undisputed facts, that the money was to be, and was in fact, used as bail money, and that the note was executed and delivered conditionally, and for a special purpose.

The note did not become the property of the bank for any other purpose than the special one, nor was it delivered to and received by it, except under the conditions and special purpose conclusively shown. If money were advanced by it upon the note, it was done for and in accordance with the special purpose to accomplish which the note was delivered.

Under the evidence it was not a loan to Herbert Miller. It was not delivered to him for that purpose. It was a condition, particularly emphasized, that it should not be used for the payment of his debts.

The special purpose of giving the note was completed, and there should be no further or different liability on the promissory note than was intended and covered by the special purpose and conditions upon which it was delivered. And we are of the opinion, and it is held, there is none.

At the very moment the court signed the order, defendant's bail was exonerated. The levy of the execution by the sheriff, upon the check payable to the state's attorney, was of no effect. It was not the property of Herbert Miller, and hence not subject to levy. The promissory note had become of no value as soon as the defendant's bail was exonerated. The money should have been returned to the bank, as it was intended it should be; and the note returned to the maker and in-

dorsers, thus carrying out the special purpose for which the note was delivered.

The order of the court compelling the state's attorney to indorse the check makes plaintiff's position no stronger. If the check had been indorsed by the state's attorney, at the time of the levy, defendant's bail having been discharged, the levy of the execution would have been of no effect. There was in fact nothing upon which the sheriff could levy.

The statute we have above cited, with reference to the right to allege and show that the instrument in question was delivered conditionally and for a special purpose, is plain, and the principle is supported in Grebe v. Swords, 28 N. D. 330, 149 N. W. 126, and in First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

There is no merit in respondent's contention that certain evidence offered by the defendants tended to vary or contradict the terms of a written instrument. It is clear that the introduction of that evidence was not for the purpose of varying or contradicting the terms, but to show the conditions under which, and the special purpose for which, it was delivered; and that, otherwise, it never became operative nor of any legal existence as a contract.

Under the statute we have set forth, the condition and special purpose may be alleged and shown, and that is all that the evidence, claimed to be inadmissible, would tend to show.

There was substantial evidence excluded and offer of proof thereof denied, which, if received, would show, or tend to show, that the note was executed and delivered conditionally and for a special purpose. The exclusion of such testimony, and denial of the offer of proof, are reversible error. The court erred in directing a verdict in favor of plaintiff.

We are further satisfied that there is sufficient evidence now in the record to conclusively show that the note was delivered for the special purpose above mentioned. The evidence excluded would be additional proof of that fact. A new trial upon that point would be useless. That is the only material point in the case. We have considered the case fully, and, in our opinion, the judgment should be reversed.

The judgment is reversed and the case remanded to the trial court, and a new trial ordered. Appellants are entitled to their costs and disbursements on appeal.

BIRDZELL and ROBINSON, JJ., concur.

BRONSON, J. I concur in result.

CHRISTIANSON, Ch. J. (concurring specially). In my opinion the defendants might assert as a defense that the note in suit was delivered for a special purpose only, and that such purpose has been accomplished. The evidence offered by defendants tending to establish this defense should have been admitted, and the resulting issue of fact, if any, submitted to the jury.