B. C. Mason, Appellant, v. Alfred W. Cater et al., Appellees.

**PLEADING: Demurrer—Waiver.** A demurrer is but a legal exception to the sufficiency of a pleading, and is waived by a subsequent pleading.

**EVIDENCE:** Parol as Affecting Writings—Collateral Oral Contract
2 **for Discharge.** Parol evidence is competent, between the original
parties to an apparently complete and delivered written contract,
to show a collateral, contemporaneous, and inducing agreement, un-
der which the written contract was, under certain conditions, to be
relinquished and discharged. So held where the maker of notes
representing the purchase price of a farm was allowed to show an
oral, contemporaneous, collateral contract, under which he was to be
released from the notes in case he sold the farm to one who would
assume the indebtedness evidenced by the notes.

*Appeal from Hamilton District Court.*—R. M. Wright, Judge.

April 5, 1921.

Rehearing Denied October 1, 1921.

Action at law, to recover on two promissory notes. De-
fendants admit the execution thereof, but plead that the notes
were delivered on condition, and for a special purpose only, by
virtue of a collateral parol agreement which was the inducement
for the signing of said notes. Verdict of a jury, finding for
defendants. Judgment entered against plaintiff for costs. Plain-
tiff appeals.—*Affirmed.*

*Martin & Alexander,* for appellant.

*F. J. Lund,* for appellee.

De Graff, J.—Plaintiff and defendants exchanged farms
at stipulated values. Taking into consideration the agreed
values of the farms and the outstanding mortgages, it was de-
termined by the parties that the difference was in the sum of
$2,455, in favor of the plaintiff, as evidenced by the notes in suit.

It is alleged in answer by defendants that the execution
and delivery of said notes were made upon the express condi-
tion, understanding, and agreement between the parties that
the land conveyed to defendants was to be placed upon the
market for sale, and, if sold to a purchaser acceptable to plain-
tiff, and one who would agree to pay the indebtedness evidenced
by the notes, then these defendants would not be liable for any
other sum than the interest upon said notes at the date of sale;

that plaintiff was to collect the remaining interest and principal of said notes from said purchaser, or make the said sum from the land in question.

Defendants further allege that, on October 22, 1915, a purchaser (C. M. Arthur) was found for said land, who was acceptable to the plaintiff; that plaintiff requested these defendants to make sale of said land to him; that the sale of said land was made to C. M. Arthur, and in consideration of the oral promise; that the said Arthur agreed to pay said indebtedness, and assumed to pay it, in the deed executed to him; that the defendants did pay the interest on said notes up to the date of the sale to Arthur; that, by reason of the said oral contract and the sale of said land to Arthur, there is nothing due plaintiff, and he is estopped from asserting his claim against the defendants.

Upon the issues thus joined, trial was had. The court instructed the jury on the theory presented by defendants in their pleadings, and the jury returned its verdict in favor of defendants.

If the evidence offered by the defendants in support of the allegations of their answer is competent, it is amply sufficient to sustain the verdict.

I. Plaintiff filed a demurrer to the answer of defendants, and error is assigned in the overruling thereof by the trial court. There is no merit in this contention. A demurrer is but a legal exception to the sufficiency of a pleading (*Wapello St. Sav. Bank v. Colton*, 143 Iowa 359), and is waived by a subsequent pleading.

1. PLEADING: demurrer: waiver.

II. The major contention of appellant and the assignment of errors in relation thereto are predicated on the principle "that all agreements made between the parties touching the subject-matter of a contract, when reduced to writing, are presumed to be evidenced by the writing; that the writing is the last and fullest expression of the agreement itself; and that it can be neither altered, modified, nor changed by parol evidence, except in an action in equity to reform."

2. EVIDENCE: parol as affecting writings: collateral oral contract for discharge.

It is the contention of appellee "that, as between parties to a written contract, an oral agreement collateral to the writing and serving as an inducement for the signing thereof may be

shown by parol, and that it may also be shown that a written obligation has been discharged, in accord with the terms of a collateral oral agreement, differing from the terms of the instrument itself.''

The defendants produced a purchaser satisfactory to plaintiff, and one who did agree to pay this indebtedness. The defendants did pay the interest to the date of sale, in conformity to their agreement. The burden of proof was on the defendants to establish, by a preponderance of the evidence, the allegations of their answer, to wit: (1) That a part of the consideration moving to the defendants in the execution and delivery of the notes to plaintiff was the promise of plaintiff that he would release them from payment, on the performance of certain conditions. (2) That the conditions were that defendants should transfer the land to a person acceptable to plaintiff, and that such person would agree to pay said notes, and that defendants would pay the interest on said notes to the time of sale and transfer to such person. (3) That defendants did sell and transfer the said land to one Arthur, a person satisfactory to plaintiff, and that Arthur did assume and agree to pay the said notes. (4) That defendants did pay the interest on said notes to the time of sale and transfer. (5) That defendants relied upon the said promise of the plaintiff to their detriment, and that said notes would not have been executed and delivered, except for the statements, promises, and representations made by the plaintiff to defendants, prior to execution of the notes in suit.

As between the immediate parties to a negotiable promissory note, the delivery may be shown to have been conditional, and for a special purpose only. Section 3060-a16, Code Supplement, 1913; *First Nat. Bank v. Miller* (N. D.), 179 N. W. 997.

The essence of the delivery of negotiable paper is the intent of the parties, and proof of conditions of execution and delivery is not in contravention of the parol evidence rule. *Herron v. Brinton,* 188 Iowa 60; *Oakland Cem. Assn. v. Lakins,* 126 Iowa 121.

Our reports are replete with decisions that, as between original parties to a written contract, an oral agreement collateral to the writing, and serving as an inducement for the

signing thereof, may be established by parol. *Ball v. James,*
176 Iowa 647; *Sutton v. Griebel,* 118 Iowa 78; *Garner v. Kratzer,*
173 Iowa 292; *Banwart v. Shullenberg,* 190 Iowa 418. The
case at bar is controlled by the cases cited, and no good purpose
would be served in discussing in this opinion the weight of
authority rule repeatedly affirmed by this court. '    '

Wherefore, the judgment entered by the trial court is—
*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.