# SECURITY NATIONAL BANK OF FARGO, NORTH DAKOTA, a Corporation, Appellant, v. P. M. MATTSON and H. B. Johnson, Respondents.

(201 N. W. 690.)

**Bills and notes — on issue whether note was conditionally delivered, court properly submitted to jury questions whether plaintiff was holder in due course, and whether note was conditionally delivered.**

In an action upon a promissory note, given in renewal of a former note and held as collateral security by plaintiff bank, where the defense was asserted that the renewal note was expressly delivered with the agreement and understanding of both the payee and plaintiff, as holder thereof, that the note should not be effective unless a certain life insurance policy was delivered, it is held, for reasons stated in the opinion, that the trial court properly submitted to

the jury the issues whether the plaintiff was a holder in due course and wheth- er the renewal note was in fact conditionally delivered.

Opinion filed December 5, 1924.

Bills and Notes, 8 C. J. § 1376 p. 1061 n. 61; § 1380 p. 1065 n. 92.

Action in Distict Court, Eddy County, *Jansonius,* J.

Action upon a promissory note.

From a judgment in defendant Mattson's favor plaintiff has appealed.

Affirmed.

*William Maloney,* and *Lemke & Weaver,* for appellant.

Instructions which have no application to any view that can be taken of the evidence can serve no useful purpose and should not be given, whether they be correct as abstract propositions or not. 1 Haynes, New Trial & Appeal, Revised ed. § 122; Marriner v. Dennison, 78 Cal. 202, 20 Pac. 386.

No instruction should be given to a jury which is not predicated upon some theory logically deducible from at least some portion of the testimony. *Such instructions are only calculated to confuse and mislead the jury and ought not to be given.* People v. Sanchez, 24 Cal. 17.

If the instructions were not pertinent to any issue in the cause, they were properly refused, even though it were conceded that the proposition of law which they embody were correct in the abstract. Conklin v. S. F. & S. J. R. R. Co. 36 Cal. 404.

A holder who derives his title through a holder in due course and who is not himself a party to any fraud or illegality affecting the instrument has all the rights of such former holder in respect to all parties prior to the holder. 3 R. C. L. § 242.

No man can make his own wrong in withholding what he justly owes the foundation of a demand against his creditor. Keffer v. Grayson, 76 Va. 517.

Payment of money presently due is not a consideration for a promise to give the debtor a quitclaim deed to land standing in the name of the creditor. Tucker v. Bartle, 85 Mo. 114.

A payment of an existing debt is not a consideration upon which

a court of equity will enforce a promise to convey real estate. Smith v. Phillips, 77 Va. 548.

A promise by a creditor in consideration of the execution of a note by his debtor for a debt already due to supply him with goods in the future is without consideration. Overdeer v. Wiley, 30 Ala. 709.

A promise to take up notes on which the promisor is liable as indorser is not a valid consideration. Sherwin v. Brigham, 39 Ohio St. 137.

So, payment of a part of the amount due is no consideration for a promise to extend the time for payment of the residue. King v. State Bank, 9 Ark. 185, 47 Am. Dec. 739.

Payment of part of a note when it is due, and an agreement to pay interest on the residue, is not a consideration for an agreement to extend time of payment of the note. Fairchild v. Warren, 21 How. Pr. 187.

*Knauf & Knauf,* and *Edgar P. Mattson,* for respondent.

A promissory note does not become effective until delivered. A delivery is essential to its very existence and validity as a contract. Dan. Neg. Inst. 6th ed., secs. 68a. 81b, and 630. "As a general rule a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties." McCormick Harvesting Mach. Co. v. Faulkner, 7 S. D. 363, 366, 58 Am. St. Rep. 839, 64 N. W. 163; Comp. Laws, 1913, §§ 5891, 6901; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Bank v. Kelly, 30 N. D. 92, 152 N. W. 125.

Although an instruction given to the jury contained matter technically erroneous, yet if the objectionable part was merely superfluous, and not calculated to mislead, the judgment will not be reversed because of the giving of it. Wyldes v. Patterson, 31 N. D. 325, 153 N. W. 630.

Where an action is between the original parties to a promissory note or others having notice, the maker may show a contemporaneous parol agreement between the payee and himself which induced him to sign it and which agreement has been violated by the payee. 3 R. C. L. § 139, p. 943.

BRONSON, Ch. J. This is an action upon a promissory note against the maker and endorser. Johnson, the endorser, is in default. Defendant Mattson, the maker, interposed an answer setting forth a conditional delivery. Upon trial to a jury verdict was returned in defendant's favor. Plaintiff has appealed from the judgment.

The facts are:—Defendant Mattson made two promissory notes to one Dowling for about $3200.00 on account of the first premium for a life insurance policy. Shortly after these notes were made and before their maturity, Dowling sold and transferred the notes to defendant Johnson. Later, and before their maturity, defendant Johnson placed such notes with plaintiff bank as collateral security for an indebtedness owing by Johnson to plaintiff. When the notes matured, negotiations were had among the parties concerned for their renewal. One new note was given by Mattson for $3200.00, dated March 31, 1922, payable to defendant Johnson, and again placed with plaintiff bank.

At the trial evidence was adduced by defendant Mattson to the effect that this note so renewed was delivered to defendant Johnson with the knowledge and acquiescence of plaintiff upon the agreement and condition that the note would be void and would be returned if a life insurance policy should not be issued to defendant Mattson according to him the privilege of borrowing thereupon 90% of the premium. Defendant Mattson testified that such policy never was delivered to him pursuant to the condition; that certain policies were tendered to him but he refused to receive them for the reason that they did not comply with the conditions upon which the note was given. Plaintiff's evidence denied such agreement and conditional delivery. The trial court submitted to the jury the issues whether the plaintiff was a holder in due course and whether there was a conditional delivery of the note.

Upon this appeal it is the contention of the appellant that the trial court erred in receiving evidence concerning this conditional delivery and instructing the jury thereupon for the reason that plaintiff, upon the record, was a holder in due course of the original notes and as such was a holder in due course of the renewed note; that, in consequence, the evidence concerning the oral agreement for a conditional delivery was inadmissible; further that there was no consideration for such oral agreement which affected and concerned a conditional delivery.

We are of the opinion that appellants contentions are without merit. This is an action upon the renewal note and not upon the original notes. Defendant's defense is that this renewal note never became effective by reason of its conditional delivery. Defendant's defense is, further, that both the payee in the renewal note, and plaintiff as the holder thereof, were specifically parties to the agreement that provided for a conditional delivery. In consequence the trial court properly submitted to the jury the specific question whether the renewal note was conditionally delivered and whether the same ever became effective as such. See § 16, Unif. Neg. Inst. Act; Comp. Laws, 1913, § 6901. See First Nat. Bank v. Miller, 46 N. D. 551, 179 N. W. 997.

The judgment is affirmed.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.