L. A. ANDREW, Receiver, Appellant, v. E. M. HANSON et al., Appellees.

NOVEMBER 20, 1928.

*Martin & Alexander,* for appellant.

*Birdsall, McGrath & Archerd,* for Emma Hanson, Amanda Hanson, and Sarah Hanson, appellees.

*Helsell, Helsell & McCall,* for E. B. Tyler, appellee.

FAVILLE, J.—Hanson & Tyler was a copartnership engaged in the automobile business at Webster City... Said firm was indebted to the Hamilton County State Bank, and said indebtedness was secured by chattel mortgage on certain automobiles belonging to said firm. The firm desired to secure a new con-

tract with an automobile company, which involved the return of the automobiles covered by said chattel mortgage. It became necessary for the firm to make a substitution of securities at said bank, to effectuate the release of the cars. This they undertook to do by executing a note to the bank with sureties thereon. This is the note in suit. The note was signed by W. A. Hanson and R. C. Tyler, the members of the firm of Hanson & Tyler, and by their respective wives. It was also signed by the appellee E. B. Tyler, as surety, and later by the appellees Emma, Sarah, and Amanda Hanson, as sureties.

I. The court directed a verdict in behalf of the appellee E. B. Tyler, and error is predicated upon said ruling. It appears from the record that E. B. Tyler was the brother of R. C. Tyler, a member of said firm. E. B. Tyler signed the note in question, as surety, at said bank. It had already been signed by R. C. Tyler and his wife and W. A. Hanson and his wife. E. B. Tyler contends, among other defenses, that he signed the note at the bank and left the same there upon a conditional delivery; that the note was not to become effective unless one Christian also signed the note as surety. In regard to said matter, the cashier of the bank, who conducted the negotiations, testified as follows:

"I told him [Tyler] I expected to have Mr. Christian sign it, or words to that effect. * * * I told Mr. Tyler that we did expect Mr. Christian to sign the note."

Tyler testified that he signed the note in the bank, and that the cashier took it in his hands, and that there was something left to be done with the note; that "he [the cashier] was to secure Mr. Christian's signature, to make it complete, so the matter was not closed or completed there that evening." The appellant contends at this point that the admission of this oral testimony violated the parol-evidence rule; that the written instrument was complete on its face; and that parol evidence was not admissible to show conditional delivery. The evidence was not offered to change or vary the terms of the written instrument,—as, for example, by claiming that it was orally agreed, at the time, that the payment should be made from a certain fund, as in the case of Mechanics Sav. Bank v. Gish, 200 Iowa 463.

See, also, *Hills Sav. Bank v. Hirt*, 204 Iowa 940. It is a well established rule that parol evidence is admissible to show delivery upon a condition that the note was not to be effective unless other signatures were obtained thereto. Section 9476, Code of 1927; *Kline v. Reeder*, 203 Iowa 396; *Travers-Newton Chautauqua System v. Naab*, 196 Iowa 1313; *Security Sav. Bank v. Hambright*, 195 Iowa 1147; *City Nat. Bank of Auburn v. Mason*, 192 Iowa 1048; *Mason v. Cater*, 192 Iowa 143; *Herron v. Brinton*, 188 Iowa 60; *Carney v. Miller*, 187 Iowa 927; *Waukee Sav. Bank v. Jones*, 179 Iowa 261; *Garner v. Kratzer*, 173 Iowa 292; *Selma Sav. Bank v. Harlan*, 167 Iowa 673; *Lavalleur v. Hahn*, 152 Iowa 649; *McNight v. Parsons*, 136 Iowa 390; *McCormick Harv. Mach. Co. v. Morlan*, 121 Iowa 451; *Sutton v. Griebel*, 118 Iowa 78.

The court did not err in admitting the evidence with respect to the condition upon which the note was delivered to the bank.

II. The evidence in respect to said conditional delivery was not in conflict. It clearly established that the appellee E. B. Tyler signed the note as surety, and left the same with the bank, to become effective only upon the signing of the same by one Christian, as a surety, and it further appears that the signature of the said Christian was never obtained. In this connection, however, the appellant contends that Tyler was duly notified by letter from said bank that Christian had not signed the note, and that the three Hanson sisters had been substituted as signers on said note in place of Christian. It appears that Tyler did receive a letter from the bank, stating, in substance, that Christian had not signed the note, and the three Hanson sisters had signed it, and it also affirmatively appears that Tyler made no reply to said letter. This, however, did not constitute an estoppel against Tyler, nor a waiver of the conditions upon which the note was signed. The bank could not bind Tyler by such a letter, when Tyler made no response thereto. It is not a case where "silence gives consent." Tyler was under no obligation to answer the letter, and his silence did not affect his rights, under the circumstances. *Leach & Co. v. Peirson*, 275 U. S. 120 (72 L. Ed. 194); *Kumin v. Fine*, 229 Mass. 75 (118 N. E. 187); *Viele v. McLean*, 200 N. Y. 260 (93 N. E. 468); *Harris v. Egger* (C. C. A.), 226 Fed. 389; *Kann v. Bennett*, 223 Pa. St. 36 (72 Atl. 342).

1262

We think, under the record, that the court was right in directing a verdict for the appellee Tyler on the ground of undisputed proof of a conditional delivery of the note by Tyler, and such proof of a failure of the condition. Such being our conclusion, we do not need to consider other defenses urged by Tyler..

III. The court submitted to the jury the question of false representations in procuring the signatures of the appellees Emma, Amanda, and Sarah, to the note in suit. Briefly stated, it is the contention of these appellees that, at the time the note in suit was signed by two of them, the cashier of the bank came to their home, and there had a conversation with Emma and Amanda; that at said time the cashier of the bank represented to said appellees that the bank wished to secure the signatures of the appellees to said note because they were expecting the bank examiner to come, and they had loaned more money than they were supposed to, and that the note was to be paid when the firm of Hanson & Tyler sold an automobile,—that is, the proceeds of every automobile sold would be applied on the note; and that E. B. Tyler had signed the note; and that he was perfectly willing to sign the same, and was perfectly willing for said appellees to sign it. It is contended that the cashier said that he wanted the signatures "just to get by with the bank examiner." The evidence also shows that the note was left by the bank cashier with the appellees Emma and Amanda, with instructions to tell the appellees' sister Sarah the same things that he had told to them, and that, when the note was signed by all three, it should be returned to the bank. Acting under these instructions, the said two appellees repeated the statements to the appellee Sarah, and the note was signed and mailed to the bank. The court submitted to the jury only the one issue of defense of said appellees: namely, that the cashier of the bank orally stated and represented to said appellees that he had talked with the said E. B. Tyler, and that the said Tyler was willing to have the three appellees sign said note with him, and had consented thereto.

The court gave proper instructions regarding the necessity of proving the falsity of the statement and knowledge of its falsity; that it was made to induce appellees to sign the note;

that appellees believed the statement to be true, and relied thereon, and would not have signed the note, but for said statement. Appellant contends that the court erred in submitting this question to the jury, and should, instead, have directed a verdict in behalf of the appellant for the amount due on the note. We are of the opinion that the record presented a fair case for submission of this fact question to the jury, and that the court did not err in submitting it.

Other questions argued by the appellant inhere in the matters previously discussed in this opinion, or are without merit. The judgment is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.