KLUNDT, Respondent, v. SANDE, Appellant.

(223 N. W. 338.)

(File No. 6350. Opinion filed February 2, 1929.)

422

*J. H. Lammers,* of Wessington Springs, for Appellant.
*Chas. R. Hatch,* of Wessington Springs, for Respondent.

BROWN, J.   This is an action on a note dated April 21, 1920, due November 1, 1920, payable to the order of Roy Eagle, for $815, with interest at 10 per cent per annum, payable annually. The note was transferred to plaintiff between four and five years after maturity.   From a judgment for plaintiff on a directed verdict, and from an order denying a new trial, defendant appeals.

Defendant, as an adverse witness, testified that he signed the note, and that no part of it had been paid, whereupon plaintiff rested without having offered the note in evidence or shown its transfer to him.   Defendant thereupon moved for a directed verdict, which was denied, and plaintiff was permitted to withdraw his rest and introduce further evidence.   This was a proper exercise of the court's discretion, and the assignment of error based thereon cannot prevail.   Johnson v. Gilmore, 6 S. D. 276, 60 N. W. 1070.

As an affirmative defense, it is claimed that the note was delivered only on the express and agreed condition that the payee should and would procure the signature of Edward Dwyer thereon, before the note should become effective, and that the signature of Dwyer was never procured; and on the further condition that defendant should not be liable for more than one-half of the face of

the note. The uncontroverted evidence received on the trial shows that Eagle, the payee in the note, had a half section of land in the neighborhood of defendant's farm which he desired to rent for $815 for the season. Defendant was willing to rent one-half of the half section, but not all of it, and in a conversation with Eagle in February told him that he would not rent all of it. In April Eagle met defendant in Wessington Springs, and again asked him about renting the land. Defendant replied that he would take half but not all of it, whereupon Eagle asked if he knew any one who would take the other half, to which plaintiff replied that about the 1st of March Edward Dwyer had talked with him about it, and that defendant had said to Dwyer that "You will have to go and see Mr. Eagle." Thereupon Eagle said, "I guess that will be all right; you go over to the bank and they will fix up the lease and note, because they do my business." Defendant went to the bank, where the note in suit was signed by him in the presence of Mr. Wright, an officer of the bank. Whether or not any written lease was drawn up or signed is not disclosed by the record, but it appears that defendant occupied half of the half section for the season, and that on October 31, 1920, he paid into the bank for Mr. Eagle $407.50 for rent of the land that he farmed.

Defendant was asked to state the substance of the conversation between him and Wright at the time of signing the note, with reference to the renting of the land and the delivery of the note. An objection was sustained to this as being an attempt to vary a written instrument by parol evidence, because the answer admitted that defendant was to pay under any circumstances one-half of the note, and that defendant was only attempting to show a parol agreement that he was not to be bound by the terms of the note. The objection should have been overruled and the testimony admitted. The answer did not admit that defendant was to pay one-half of the note under any circumstances. It admitted he was to pay one-half of the note if, and only if, Edward Dwyer's signature was first procured on the note by the payee.

Defendant offered to prove that he declined to sign the note until Dwyer's signature was also procured on it, and that Wright told him that he would procure the signature of Dwyer, and that defendant would not be held liable in any manner whatsoever unless and until the signature of Dwyer was procured; that Wright

assured defendant that it would be all right for him to sign the note, for he would procure the signature of Dwyer. On plaintiff's objection, the offered proof was excluded, and a verdict was directed for plaintiff. The proof offered should have been admitted. If defendant was induced to sign the note on the promise that he should not be liable or that the note should not become effective until Dwyer's signature was procured, the note never had any inception, and defendant would be no more liable on it than if it had simply been left in the bank without any signature, waiting the time when Dwyer would come in and sign. McCormick Harvesting Machine Co. v. Faulkner, 7 S. D. 363, 64 N. W. 163, 58 Am. St. Rep. 839; Dacotah Packing Co. v. Bertelson (S. D.) 217 N. W. 393; Andrew v. Hanson (Iowa) 222 N. W. 10. Appellant argues that the condition attached to the delivery of the note was not binding upon the payee, because it is neither pleaded, nor was there offer to prove, that the payee Eagle was ever informed of the condition attached to the delivery. Knowledge of the agent in the circumstances of this case was knowledge of the principal. Dimock State Bank v. Boehnen, 46 S. D. 50, 190 N. W. 485; Dacotah Packing Co. v. Bertelson, supra. That Wright was Eagle's agent is not open to dispute upon the evidence.

Judgment and order appealed from are reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.