SYLVIA J. ARP, Administratrix, et al., Appellants, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

No. 45445.

AUGUST 4, 1941.

Welch & Acrea, for appellants.

Walter I. Wolfe and Helsell, Burnquist & Bradshaw, for appellee.

OLIVER, J.—Action at law against the Illinois Central Railroad Company by the administratrix of the estate of John Arp, deceased, on account of his accidental death, when a Chevrolet coupe, driven by him upon a paved street crossing said railroad, was struck by an engine hauling a train of 30 or 40 freight cars. The accident happened on the morning of June 3, 1938, in the incorporated town of Woodbine, Iowa. Decedent's automobile was travelling northwest toward the intersection. The train was approaching from the northeast. For approximately the last

500 feet travelled by the automobile and 1,500 feet travelled by the train immediately prior to the accident, each was continuously in full and unobstructed view of the other. The automobile was proceeding northwesterly along the street, having first crossed the track of another railroad which parallels the Illinois Central at a distance of about 300 feet to the southeast. Along this stretch of 300 feet the pavement slopes gently upward toward the northwest. While decedent's automobile was progressing up this slight slope toward the Illinois Central track its speed was reduced from about 20 to 15 miles per hour. A truck, moving along the street behind decedent's automobile, stopped 50 or 60 feet southeast of the Illinois Central track to await the passing of the approaching train. Decedent drove the automobile straight ahead without stopping and it was crossing the track in front of the train at a speed of about 15 miles per hour when it was struck at about its right rear wheel and thrown across the track on the right-hand side of the train. The train was travelling at about 40 or 45 miles per hour, no bell was sounded or whistle blown, and its speed was not slackened prior to the collision.

There is no evidence that defendant's engineer, who sat at the right-hand window of said engine, saw the automobile before it was in front of the train. However, there was evidence that the fireman, from his position on its left side, was looking out toward the crossing continuously during the last 1,200 or 1,500 feet before the engine reached the crossing and that he jumped and raised his arms (apparently at the time of the collision).

The record does not show that decedent looked in the direction of the approaching train. In any event his negligence was conceded and plaintiff's case was predicated upon the doctrine of last clear chance. In connection with this theory it was not contended the train could have been stopped. The evidence upon this point was limited to a showing that when brakes are applied the speed of a train lessens almost at once.

The foregoing factual recitals are from evidence on behalf of plaintiff. At the conclusion of said evidence the court sustained defendant's motion for a directed verdict. From the judgment rendered upon said verdict plaintiff has appealed.

There was sufficient evidence to generate a fact question for the jury as to whether the fireman saw decedent's coupe approach the railroad track. Purcell v. Chicago & N. W. Ry. Co., 117 Iowa 667, 91 N. W. 933; Monson v. Chicago, R. I. & P. R. Co., 181 Iowa 1354, 1374, 159 N. W. 679, 685; Groves v. Webster City, 222 Iowa 849, 856, 270 N. W. 329, 333. Therefore, for the purpose of this discussion, it will be assumed the fireman did see the approaching automobile.

However, assuming the fireman discovered the automobile at a relatively considerable distance from the track his failure to then act did not bring the case within the doctrine of last clear chance because decedent was not then in apparent danger. It was only when decedent was observed in a position of peril that the doctrine required the fireman to exercise reasonable care to avoid the accident.

As the court said, in Williams v. Mason City & Fort Dodge Ry. Co., 205 Iowa 446, 453, 214 N. W. 692, 695:

" * * * Travelers in motor vehicles frequently and customarily drive toward an on-coming train and stop just before going upon the tracks, in order to permit the train to proceed on its way. There is in such conduct, however, no 'peril,' until such wayfarer fails to stop in a zone of safety. Those in charge of the train have a right to assume that he will not drive into danger. * * *."

Similar language is found in Gilliam v. Chicago, R. I. & P. Ry. Co., 206 Iowa 1291, 222 N. W. 12. Albright v. Chicago, R. I. & P. Ry. Co., 200 Iowa 678, 683, 205 N. W. 462, 464, which in many particulars is analogous to this case, states:

" * * * The engineer has charge of the brakes and controls the operation of the train. As before stated, the engineer was not in a position where he could see appellant as he approached the crossing, * * *. It would obviously have been quite an impossible undertaking for the fireman to have communicated to the engineer that appellant was approaching the crossing 300 feet away, in time for the engineer or the fireman, by the reasonable use of the facilities at his command, to have in any way avoided the threatened collision. * * *."

In the case at bar the automobile was not moving rapidly. The fireman was not required to anticipate its going upon the track until it became apparent to him, as a reasonably careful and prudent person, that it would not or could not stop. This was a mere moment before the actual collision. It was then too late to warn the driver against the attempt to cross the track. Nor does it appear that the fireman could have communicated decedent's peril to the engineer in time to have enabled him substantially to reduce the speed of the train and thus avoid colliding with the moving automobile, or that decedent, if warned, could have increased the speed of the automobile and passed safely across the track in advance of the train. Under the circumstances of this case these propositions appear too speculative and conjectural to form an adequate basis for a finding that the trainmen could have avoided the accident had they exercised reasonable care after the discovery of decedent's peril.

Wherefore, the judgment is affirmed.—Affirmed.

All Justices concur.