S. S. Harriman, Appellee, v. Roy P. Roberts et al., Appellants.

No. 40188.

April 10, 1931.

*Crissman, Linville & Bleakley* and *R. S. Milner,* for appellants.

*Carl F. Becker,* for appellee.

STEVENS, J.—I. Appellant Zora Roberts is the owner of a Studebaker automobile, and the appellee, S. S. Harriman, was the owner of a new Chevrolet. On June 28, 1928, a collision occurred between the two automobiles at a point on the Lincoln Highway about five miles west of Mt. Vernon, Iowa. Appellant's car was being driven west by Roy P. Roberts, and appellee's car east. The collision occurred near the foot of a hill down which the appellee's car was being driven. In the immediate vicinity of the accident, on the south side of the pavement, was a filling station, and on the north side, a Ford automobile, resting partly upon the shoulder and partly upon the pavement. The Chevrolet was tipped over and severely damaged. The damage to the Studebaker was not so great.

The negligence charged in the petition was the excessive rate of speed at which appellant's car was being driven, and that same was being operated to the left of the center of the pavement. It was also charged that the driver did not have the car under control. The appellants each filed a counterclaim for damages. Appellant Zora Roberts, who was the owner of the car, charged negligence in several particulars on the part of the driver of the Chevrolet, and asked judgment for damages to the automobile, loss of time, expense, and mental anguish.

The appellant Roy P. Roberts, who is the husband of his co-appellant, also filed a counterclaim, in which he charged the same acts of negligence as did his wife, and asked damages in one count for loss of time, expense, and mental anguish, and in another count, damages for malicious prosecution, based upon his arrest for the alleged reckless driving of the automobile.

Upon motion of appellee, both counterclaims were stricken. The ground upon which the ruling of the court was based, as  disclosed by appellee's argument, was that the cause of action pleaded in each of said counterclaims was a new and independent one, and did not arise out of the transaction upon which appellee predicates his cause of action: that is, that there was a misjoinder of causes of action.

It must be conceded that the pleadings of all of the parties are rather scant; but it is obvious, we think, from the admissions and allegations of the answer and counterclaims of both appellants, that the claim for damages to the Studebaker automobile,

together with the expense and loss of time, if any, all arose out of the collision complained of by appellee. No other inference from the pleadings is possible. It is true that neither counterclaim specifically so alleged.

Subdivision 2 of Section 11151 of the Code of 1927 is as follows:

"Each counterclaim must be stated in a distinct count or division, and must be: * * *

"2. A cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contracts or transactions set forth in the petition or connected with the subject of the action."

Under this provision of the statute, each of the defendants had a right to plead their cause of action as a counterclaim in this case. It is, of course, true that only the appellant Zora Roberts could recover damages for the injury to the automobile, but it is readily conceivable that each of the appellants might have suffered damages which they would be entitled to plead separately as a counterclaim. A counterclaim in such case is in the nature of a set-off. *Hogle v. Smith*, 136 Iowa 32. New matter constituting a cause of action in favor of one of the defendants only could not be pleaded as a counterclaim against appellee. *Shaw v. Ioerger*, 203 Iowa 1256.

The ruling of the court, therefore, striking the first count of the counterclaim filed by the appellant Roy P. Roberts to recover damages for malicious prosecution was proper, and must  be sustained. Some of the items at least of the counterclaim filed by the appellant Zora Roberts were proper and permissible, and therefore the ruling of the court striking same was erroneous. The ruling of the district court on the motion to strike was not made by the judge before whom the case was tried. A motion to vacate and set aside the prior ruling of the court was overruled. If any of the items of damage alleged by Roy P. Roberts in the second count grew out of the transactions complained of and were properly recoverable against the appellee, the counterclaim should not have been stricken.

The motions to strike assailed each of the counterclaims as a whole, and did not challenge any of the several items thereof separately. We are not, therefore, called upon to express any opinion as to the merits of the claims of either appellant. Apparently, some of the items are duplicated in the separate pleadings.

II. The next question that naturally presents itself is: Was the ruling of the court on the motions to strike the counterclaims filed in behalf of appellants prejudicial? It must be kept  in mind that the damages to both vehicles grew out of the same accident, and were the result of the collision that occurred. If the damages complained of by plaintiff were the proximate result of the negligence of the defendants, then certainly they could not recover on their counterclaims. It is true that the plaintiff might, even in that event, be defeated by proof of contributory negligence, but this has no bearing upon the question of prejudice. If, on the other hand, the collision and consequent damages to the defendant's automobile were due to the negligence of the plaintiffs, then the owner of the car at least would have been entitled to recover compensation for the injuries thereto. There is no theory upon which both the plaintiff and the defendants were entitled to damages. Every fact and circumstance bearing upon the accident was introduced in evidence. Both appellee and appellants were permitted to introduce testimony fully detailing their respective theories of the occurrence. Witnesses upon both sides described in detail what they saw. The testimony as to numerous material matters is in direct conflict. The question as to whether the negligence of appellants, or either of them, was the proximate cause of the injury was one of the major issues submitted to the jury. With all of the facts before them, the testimony upon both sides of the case, the jury found that appellant's negligence was the proximate cause of the accident, and that appellee was free from negligence contributing thereto. Every fact and every issue, except the amount of damages alleged to have been suffered by appellants, was before the jury. Having stricken the counterclaims, the court, of course, declined to permit appellants to introduce testimony for the purpose of proving any of the items of damages alleged. The verdict was against appellants and in favor of

**1376**

appellee, and it is difficult to conceive how the result could have been rendered otherwise by the mere introduction of testimony as to the extent of the injury to the Studebaker car, or other items alleged. While the ruling on the motion to strike the counterclaim of Zora P. Roberts and possibly some of the items of her husband's counterclaim was erroneous, it was, in view of the verdict of the jury finding that the accident was the result of the negligence of the driver of appellant's car, clearly without prejudice.

III. At the conclusion of all of the testimony, appellants moved to withdraw from the petition and from the jury the following allegations of the petition: "It [the Studebaker car] was over the center of the pavement and over on plaintiff's side of the pavement at the time he [the driver of the Studebaker car] ran into plaintiff's automobile;" and also the allegation that "said wreck was caused by the reckless way in which the defendant was driving the car." The grounds upon which the foregoing motion was based were that the allegations did not constitute actionable negligence, and were incompetent, immaterial, and irrelevant. The motion was overruled, and of this ruling the appellants complain. The ruling was clearly right. As suggested, the pleadings on both sides are rather scant and somewhat incomplete. They were not, however, assailed by motion to strike or for more specific statements. The mere driving with the wheels of an automobile over the black line in the center of the pavement may not, in itself, constitute negligence, but the duty imposed by statute upon the drivers of motor vehicles is, when passing, to give one half of the traveled way by turning to the right. The driver of appellant's car testified that he observed appellee approaching downhill on the right-hand side of the road, with the right wheels of the car off the pavement and on the shoulder, and that the accident was caused by the inability of the driver to right the car when it was driven back onto the pavement. The danger of a collision was so imminent that Roberts, according to his own testimony, set the brakes on his car, and at the time of the accident it was moving at not to exceed ten miles per hour. This testimony was contradicted by appellee's witnesses. The testimony on behalf of appellee showed that the left wheels of the Studebaker car were some

distance south of the center of the pavement. In the circumstances shown, this was clearly negligence. It is true that the allegation of the petition "that the wreck was caused by the reckless way in which defendant was driving the car" was a mere conclusion, but it followed the brief recital in the petition of the ultimate facts.

IV. Appellant also complains of the statement of the issues by the court. The statement is very brief, but it includes substantially all of the allegations of the petition, particularly of the acts constituting the alleged negligence. The statement was sufficient.

V. Complaint is also made of several of the instructions. The instructions were brief, but we find nothing therein which could have misled or confused the jury. The criticisms urged are without any substantial foundation, and need not be discussed in detail.

We conclude, therefore, that, in the light of all of the facts and circumstances shown in evidence, the error pointed out in the ruling of the court was without prejudice, and that the judgment should be, and it is,—*Affirmed.*

EVANS, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.

FAVILLE, C. J., and GRIMM, J., dissent, on the ground that the error of the court in striking the counterclaim was not without prejudice.