DOROTHY H. SKAIEN, Appellee, v. WITWER GROCER COMPANY, Appellant.

No. 44021.

DECEMBER 14, 1937.

Grimm, Elliott, Shuttleworth & Ingersoll, for appellant.

R. S. Milner, for appellee.

KINTZINGER, J.—This case grew out of an automobile collision on June 26, 1934, between a car in which plaintiff was riding and a combination truck and trailer belonging to the defendant. Plaintiff filed an exceptionally lengthy amended and substituted petition in this action. In such petition she sets out the cause of the collision in many different aspects. The amended and substituted petition consists of about thirty printed pages of the abstract. Therein plaintiff sets out in detail the description of the highway; the specific acts of defendant's negligence, which she claims were the proximate cause of her injuries. It also sets out in great detail the injuries resulting from the collision, and in equally great detail the damages resulting therefrom.

The defendant filed a motion to strike out the entire amended and substituted petition substantially upon the grounds that it is replete with repetition; redundant and surplusage allegations, and is so interwoven with statements of evidence, improper and scandalous matter in its entirety as to be improper and scandalous as a whole; that it contains many statements in the alternative, pleads evidentiary matter, irrelevant and redundant, so as to confuse and render highly prejudicial and improper the pleading as a whole. The lower court overruled defendant's motion, and defendant appeals.

This is the only error alleged on this appeal. It will serve no useful purpose to set out in detail the entire amended and substituted petition comprising thirty printed pages of the abstract. It is sufficient to say that we have examined the same carefully and find that there are many statements and allegations contined therein which are material and competent in an action of this kind and are not subject to be stricken out on a motion.

It may be that many separate statements contained in said amended and substituted petition might be subject to attack separately, but such statements are not attacked separately in the motion. On the contrary, the motion attacks the entire petition as a whole and asks that the same be stricken. It has been the uniform rule and practice of this court in relation to motions of this kind that the pleading is not objectionable and will not be stricken out on a motion of this kind unless the entire petition is objectionable. If parts of the matter contained in the pleading are good, they cannot be stricken out by a motion to strike the whole pleading.

We have examined the amended and substituted petition and cannot agree that the petition is scandalous simply because it contains many matters which might have been stricken out if attacked separately by motion. It is our conclusion that inasmuch as many of the matters pleaded were competent allegations and necessary to afford the relief prayed for, the motion to strike the entire petition is too broad and should not be sustained. Kladivo v. Hospodarsky, 188 Iowa 1208, 177 N. W. 467; Sloanaker v. Howerton, 182 Iowa 487, 166 N. W. 78; Mitchell v. Beck, 178 Iowa 786, 156 N. W. 428, 160 N. W. 232; Woodbine Sav. Bank v. Tyler, 181 Iowa 1389, 1. c. 1396, 162 N. W. 590; Nat. Bank v. Delahaye & Purdy, 82 Iowa 34, 47 N. W. 999; Harriman v. Roberts, 211 Iowa 1372, 235 N. W. 751; McCarthy Iowa Pleading, Sec. 198, page 214.

We think the lower court acted within its discretion in overruling defendant's motion to strike the entire amended and substituted petition. Its judgment is, therefore, hereby affirmed. —Affirmed.

HAMILTON, C. J., and MITCHELL, ANDERSON, STIGER, SAGER, RICHARDS, and DONEGAN, JJ., concur.