MAMIE BONNETT, Appellant, v. WALTER OERTWIG et al.,
Appellees.

No. 46407.

JUNE 6, 1944.

Hoffman & Carter, of Leon, and O. M. Slaymaker, R. E.
Killmar, and D. D. Slaymaker, all of Osceola, for appellant.

R. B. Hawkins, of Leon, for appellees.

GARFIELD, J.—This is a companion case to Semler v. Oertwig, 234 Iowa 233, 12 N. W. 2d 265. Plaintiff was a passenger in the Semler automobile, which was struck from the rear by the truck owned by defendant Williams and driven by defendant Oertwig. Testimony for plaintiff is that the automobile, with a flat tire, was moving at fifteen to twenty miles an hour. Testimony for defendants indicates it was stopped upon the highway. There is also a dispute as to whether the Semler taillight was burning. It was in the nighttime and visibility was not good. Oertwig came from the rear, failed to see the car in time to avoid striking it, but did turn somewhat to the left. The damage to the Semler car was mainly to the left side of its rear end. Upon this appeal the only errors assigned by plaintiff are based on the court's failure to submit certain specifications of negligence.

I. Plaintiff's petition alleges Oertwig was negligent in failing to keep a proper lookout on the road ahead and failing to discover the Semler automobile in time to avoid colliding with it. In its instructions the court stated this specification in this way: that Oertwig was negligent in failing to maintain a proper lookout for other persons or motor vehicles on the highway. This is the basis for plaintiff's first complaint. No complaint is here made of the instruction bearing upon the charge as submitted, which states, in substance, among other matters, that it was Oertwig's duty to use reasonable care and caution to keep a lookout ahead to discover other persons or objects.

We find no reversible error here. The court was not required to submit the charge of negligence in the exact language of the pleader. Apparently, the wording of this specification was changed in the interest of brevity and better understanding and to enable the court to instruct more readily on the applicable law. Oertwig's duty was not an absolute one to discover the Semler car. He was required only to use reasonable care under the circumstances to maintain a lookout to discover other persons or vehicles on the highway. Fry v. Smith, 217 Iowa 1295, 1300, 253 N. W. 147, 149; Gregory v. Suhr, 221 Iowa 1283, 268 N. W. 14, and citations. That specifications of negligence may be thus paraphrased, see Smith v. Pine, 234 Iowa 256, 263, 12 N. W. 2d 236, 241, and citations.

■ II. Plaintiff's petition alleges Oertwig was negligent in driving at an excessive and dangerous speed and in failing to stop within the assured clear distance ahead. In its instructions the court combined these two specifications and stated them in this way: that Oertwig failed to operate the truck at a careful and prudent speed, not greater nor less than was reasonable and proper, having due regard to the traffic, surface, and width of the highway and other conditions then existing, and failed to drive at a speed which would permit him to stop within. the assured clear distance ahead. Plaintiff contends his allegation that Oertwig was negligent in failing to stop within the assured clear distance was not thereby submitted to the jury.

Again we find no reversible error. The language used by the court is substantially that of section 5023.01, Code, 1939. These two pleaded charges of negligence, each relating to speed, rendered this statute applicable. See Janes v. Roach, 228 Iowa 129, 136, 290 N. W. 87; Jarvis v. Stone, 216 Iowa 27, 32, 247 N. W. 393. No claim is here made that the jury were not properly instructed on the law governing these specifications as pleaded. The principal charge made by the court in the pleaded specification regarding the assured-clear-distance rule lies in the statement that Oertwig failed *to drive at a speed which would permit him* to stop within such distance. This conforms substantially to the language of section 5023.01. We have pointed out that the statute is essentially a speed regulation rather than one requiring a motorist to stop. Pierce v. Dencker, 229 Iowa 479, 484, 294 N. W. 781; Jordan v. Schantz, 220 Iowa 1251, 1255, 264 N. W. 259. See 24 Iowa L. Rev. 128, 133. See, also, on this assignment of error, cases cited in Division I.

■ III. Plaintiff complains of the court's failure to submit a charge made in the petition that Oertwig was negligent in not driving the truck in a careful and prudent manner. This is one of eight allegations of negligence made in the petition. The other seven allege specific negligence. This is an allegation of general negligence. We think plaintiff cannot complain of the failure to submit this general charge. There was no evidence of any negligence on Oertwig's part which proximately caused the collision other than the matters of lookout and speed. As stated, both those matters were covered by specifications of .

negligence which were submitted to the jury. Of course, Oertwig could not be found negligent except as shown by the evidence.

IV. Finally, plaintiff complains of the court's failure to submit these two allegations of the petition: that Oertwig was negligent in failing to turn out a safe distance to the left in passing the Semler car, and also in not turning to the left when approaching the Semler car from the rear. These allegations were evidently intended to charge a violation of that part of Code section 5024.03 which provides:

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."

Plaintiff was not entitled to have both of these charges of negligence submitted. They both express substantially the same thought and apparently refer to the same statutory violation. See Smith v. Pine, 234 Iowa 256, 264, 12 N. W. 2d 236, 243. Was plaintiff entitled to have submitted to the jury either of these charges or a combination of both?. There can be no doubt of the rule generally that where reasonable minds might find from the evidence that a defendant was negligent in one of the respects alleged in the petition, such charge of negligence must be submitted to the jury. Hanson v. Manning, 213 Iowa 625, 629, 239 N. W. 793; Lorimer v. Hutchinson Ice Cream Co., 216 Iowa 384, 389, 249 N. W. 220; Townsend v. Armstrong, 220 Iowa 396, 400, 260 N. W. 17.

Likewise, there can be no doubt that ordinarily a vehicle overtaking another moving in the same direction must pass to the left of the forward vehicle. But this statutory rule seems to have no application under the facts here. At least, we hold there was no prejudicial error in failing to submit either of these two charges of negligence.

This was a rear-end collision and not a passing collision. Plaintiff's proof proceeded on the theory that Oertwig negligently failed to see the Semler car in time to avoid colliding with it. Plaintiff testified on direct examination, "The Semler car was struck from behind, by the truck running into it."

Plaintiff's witness Dixon said on direct examination, "I talked with defendant Oertwig * * * and he told me he did not see the automobile until he was right on it." Plaintiff's witness Hamilton testified on cross-examination, "I heard Oertwig say * * * he just saw the Semler car and did not have time to miss it." Oertwig testified: "I just saw a car in front and I pulled my wheel to the left and swung to the left and the crash came * * * I don't know whether the Semler car was moving at the time of the collision or not. I was not trying to pass the Semler car * * *." None of this testimony is disputed.

As indicated in Division III, if the negligence of Oertwig in any of the respects pleaded was the proximate cause of this collision, it would seem to have been his failure to maintain a proper lookout or to comply with the assured-clear-distance requirement as to speed. As stated, both these charges of negligence were submitted to the jury. Unless Oertwig was negligent in one or both of these respects, it seems incredible that there was a violation of section 5024.03 which was the proximate cause of the collision.

We have undertaken to examine our numerous decisions involving collisions similar to this one and find none which supports plaintiff's contention. Reardon v. Hermansen, 223 Iowa 1207, 1213, 275 N. W. 6, 9, involving a similar collision, lends support to our conclusion. There, defendants' automobile collided from the rear with decedent's bicycle at night. Both were traveling in the same direction. There was a dispute as to whether there was a "reflector" on the rear of the bicycle. There, as here, there was a verdict for defendants and plaintiff appealed. In referring to the passing statute which plaintiff invokes here (then section 5022, Code, 1935), and in distinguishing Andersen v. Christensen, 222 Iowa 177, 268 N. W. 527, where the collision occurred while the overtaking vehicle was attempting to pass the car in which plaintiff was riding, we said:

"The brief then argues that the instruction was erroneous in that it wholly failed to inform the jury that a failure on defendants' part to observe the provisions of section 5022 of the Code, relative to turning to the left when overtaking another vehicle, constituted negligence as a matter of law. This is true, and there is cited the case of Andersen v. Christensen, 222 Iowa

177, 268 N. W. 527. * * * We see no application of the rule laid down in that case, to the facts in this case * * *.''

See, also, as tending to sustain our conclusion on this branch of the case, though not factually in point, Olson v. Shafer, 207 Iowa 1001, 1006, 1007, 221 N. W. 949; Monen v. Jewel Tea Co., 227 Iowa 547, 288 N. W. 637.—Affirmed.

All JUSTICES concur.