JAMES LAUMAN et al., plaintiffs-appellants, v. VERNON DEARMIN, appellee; NELLE CULLEN, intervenor-appellant.

No. 48367.

(Reported in 69 N.W.2d 49)

MARCH 8, 1955.

John Randall and Richard F. Nazette, both of Cedar Rapids, for all appellants.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, and Will J. Hayek, of Iowa City, for appellee.

HAYS, J.—Plaintiffs' petition alleges that a Hudson four-door sedan, owned by Glenn Cullen and being driven by James Lauman, with his consent, due to the icy condition of the highway, skidded out of control and slid down an incline on the highway to where it was struck by defendant's car coming from

the opposite direction; that plaintiffs were free from contributory negligence; the defendant was negligent in failing to maintain a proper lookout; in failing to have his car under control; and in failing to turn to the right to avoid striking plaintiffs' car. By amendment to conform to proof, the last clear chance was pleaded. Lauman and Anderson, a passenger, ask damages for personal injuries. Glenn Cullen, as owner and also an occupant, seeks damages to the car and for personal injuries. Intervenor, Nelle Cullen, in whose name the car was registered, joins with Glenn Cullen and asks that her interests be protected.

Defendant's answer admits the collision and that Lauman was driving plaintiffs' car. All other allegations are denied. By counterclaim against Lauman, Glenn Cullen and Nelle Cullen, defendant alleges a car driven by Lauman and owned by Glenn Cullen *or* Nelle Cullen collided with his car; that Lauman was driving the car with the knowledge and consent of Glenn Cullen, *who was the owner*, and of Nelle Cullen, *in whose name it was registered*. Nine specified acts of negligence on plaintiffs' part are set forth with a request for damage to the car and for personal injuries. There was a verdict and judgment for defendant on the counterclaim and all plaintiffs and intervenor appeal.

The record shows the following facts: The collision occurred about 11:30 p.m., January 10, 1947, on Highway 218. At the place material here, this highway runs generally north and south and has a paved slab eighteen feet wide with a curb on each side. The night was clear and the pavement icy and slippery. At a place called Indian Lookout Hill, a few miles south of Iowa City, the highway has a curve and then a long incline to the north. Plaintiffs, driving 30 to 35 miles per hour in a northerly direction, rounded the curve and started down the incline. The car skidded out of control. The right front wheel was against the east curb, the rear wheels sliding to the west so that the rear end of the car angled across the pavement into the left lane of travel some four or five feet. In this position it slid down the incline some 400 feet to the place of collision with defendant's car which was approaching from the north. Lauman stated that he observed the lights of defendant's car as he rounded the curve; that he observed it as they slid down the incline and that it appeared to be entirely in its lane of travel and coming at about the same speed.

Defendant Dearmin stated that he was driving about twenty-five miles per hour and the pavement was slippery. He observed the lights of plaintiffs' car some 850 feet ahead and it appeared to be in his lane of travel. He dimmed his lights and then saw the lights of the oncoming car angle to the northeast. He stated: "When my car and the other car were about 400 feet apart, I saw the lights on the other side of the pavement angling in a northeasterly direction * * * until 40 to 60 feet from the front of my dim lights, when I first saw the back of their car on my side of the road." He also stated: "If I had put on my bright lights which would shine 400 feet ahead of me, I could have seen the other car and how it was coming down the road." When he saw the car 50 to 60 feet ahead of his car he slowed almost to a stop and had the left wheels in the right-hand gutter when the collision occurred.

Don Oberman, riding in the rear seat of defendant's car, stated he saw plaintiffs' car skid and the headlights shine off to the northeast. He told Dearmin: "There's a car up there in trouble." Dearmin had just dimmed his lights, reduced his speed somewhat and had his right wheels on the curb. He saw the lights shining off to the northeast for about halfway down the incline and then failed to observe them further.

The collision occurred entirely on defendant's side of the highway, with his left front wheel and fender striking the left side of plaintiffs' car just to the rear of its left rear door. After the collision, defendant's car extended over onto the right (west) shoulder and a foot or two east of the west guardrail.

The trial court submitted to the jury only the last clear chance, as to plaintiffs' cause of action, and the defendant's counterclaim.

I. Plaintiffs (including intervenor) assign error in failing to submit their specifications of negligence and in the giving of Instruction No. 6.

Instruction No. 6 was in part as follows: "All specific acts of negligence on the part of the defendant as claimed by the plaintiffs are withdrawn from your consideration, and the only question you are to determine as far as the liability of the defendant is concerned is whether the defendant had the 'last

clear chance' to avoid the accident * * *." This was followed by Instruction No. 7 which stated in part: "The doctrine of 'last clear chance' may be explained as follows: Where both parties are negligent, the one that has the last clear opportunity to avoid the accident, notwithstanding the negligence of the other, is responsible for it * * *."

It is plaintiffs' contention that the question of lookout and control, as to defendant's acts, and also the question of plaintiffs' contributory negligence should have been submitted to the jury; that, by giving Instruction No. 6, followed by No. 7, the court virtually told the jury the defendant was not negligent and that the plaintiff was.

One operating a motor vehicle upon the highway must use ordinary care for the protection of himself and others thereon, which includes the maintaining of a proper lookout. Clayton v. McIlrath, 241 Iowa 1162, 44 N.W.2d 741, 27 A. L. R.2d 307; Hutchins v. LaBarre, 242 Iowa 515, 47 N.W.2d 269. This carries a responsibility not only for what he *actually sees* but also for what he *should have seen* by the use of ordinary care and diligence. Davidson v. Vast, 233 Iowa 534, 10 N.W.2d 12; Tuthill v. Alden, 239 Iowa 181, 30 N.W.2d 726.

The last-clear-chance doctrine, as recognized and accepted in this state, is much more limited, and eliminates the duty of lookout. Only after a defendant has actually seen the injured party to be in a position of peril from which he cannot escape by his own acts is the defendant to be held to the exercise of due care to avoid injury to him. Jarvis v. Stone, 216 Iowa 27, 247 N.W. 393; Rutherford v. Gilchrist, 218 Iowa 1169, 255 N.W. 516; Nagel v. Bretthauer, 230 Iowa 707, 298 N.W. 852. While we have held that under certain situations a defendant's actual knowledge of a plaintiff's perilous situation may be established by circumstantial evidence, see: Groves v. Webster City, 222 Iowa 849, 270 N.W. 329; Reynolds v. Aller, 226 Iowa 642, 284 N.W. 825. Such a view of the doctrine was not urged or applied here and we question its applicability in this case.

The record shows defendant saw plaintiffs' car when it was some 850 feet ahead. It also shows that by the use of the "dim lights" defendant engulfed the space between his car

and plaintiffs in darkness and did not and could not, except by an affirmative act on his part, see the dangerous peril in which plaintiffs were until the plaintiffs' car came within the range of the defendant's dimmed lights, a distance of 40 to 50 feet. Under the rule of "maintaining a proper lookout" defendant's duty continued during the time the two cars traveled that 850 feet; under the "last clear chance" defendant's duty to act with due care existed only during the time the two cars traveled 40 to 50 feet. We think, under this record, plaintiffs presented a jury question as to defendant's failure to maintain a proper lookout. See Remer v. Takin Bros. Frgt. Lines, Inc., 227 Iowa 903, 289 N.W. 477; Reed v. Willison, 245 Iowa 1066, 65 N.W.2d 440; Bonnett v. Oertwig, 234 Iowa 864, 868, 14 N.W.2d 739, 742.

██ The burden was on plaintiff to plead and prove freedom from contributory negligence, and it is not to be measured by the degree of care a defendant owes him. Pappas v. Evans, 242 Iowa 804, 48 N.W.2d 298. There is no dispute in the record as to the plaintiffs' car being in defendant's lane of travel and that plaintiffs failed to yield half of the traveled portion of the highway. It was clearly a violation of section 321.298, Code of 1946. This, however, constitutes only prima-facie evidence of negligence and ordinarily creates a jury question as to negligence or contributory negligence. Brinegar v. Green, 8 Cir., Iowa, 117 F.2d 316; Langner v. Caviness, 238 Iowa 774, 28 N.W.2d 421, 172 A. L. R. 1135. The undisputed testimony of the plaintiffs is that at no time prior to the skidding of the car at the time in question did their car skid due to the icy pavement, although they had been driving at the same speed, 30 to 35 miles per hour. While there is some testimony by defendant's witnesses that when they saw the lights of plaintiffs' car some 850 feet ahead they were going fifty miles an hour, there was certainly a jury question as to unreasonable speed.

██ The "last-clear-chance doctrine", which was the sole issue presented to the jury so far as plaintiffs' cause of action was concerned, presupposes contributory negligence upon the part of plaintiffs. Restatement of Law of Torts, Volume 2, section 479; 38 Am. Jur., Negligence, section 217; annotation 119 A. L. R. 1042; Gilliam v. Chicago, Rock Island & Pacific Ry. Co.,

206 Iowa 1291, 222 N.W. 12; Groves v. Webster City, 222 Iowa 849, 270 N.W. 329; Geers v. Des Moines Ry. Co., 240 Iowa 783, 38 N.W.2d 89. The trial court, by giving Instruction No. 6, in effect told the jury that plaintiffs were guilty of contributory negligence as a matter of law and could recover only in the event that defendant, after actually knowing thereof, could have avoided the collision by the exercise of due care and failed to do so.

That the trial court considered plaintiffs guilty of contributory negligence as a matter of law is shown by the instructions given, or should we say not given, so far as plaintiffs' case is concerned. Nowhere is the jury told of plaintiffs' burden to show freedom therefrom. Nowhere does the court define contributory negligence. No mention is made of the duty to yield half the traveled way and that a failure to so do is prima-facie evidence of negligence. Appellee says: "There is no question but what the plaintiffs' automobile failed to yield half the traveled way or that the collision occurred on defendant's side of the highway. The crux of the case, therefore, is whether the defendant had a last clear chance to avoid the accident. It was on this basic issue that the trial court submitted the case to the jury * * *." With the last sentence of the above quote, we agree.

■■ We are of the opinion the plaintiffs were entitled to go to the jury on the issues of defendant's negligence and their contributory negligence. This is especially true as to plaintiff Anderson. Whether, should the jury find contributory negligence, plaintiffs were then entitled to the last-clear-chance doctrine we do not determine. It was prejudicial error against plaintiffs to submit it in the manner in which it was done.

■ It is true that we have held that error in the submission of a counterclaim is without error where there is a verdict for plaintiff. Fagen Elevator v. Pfiester, 244 Iowa 633, 56 N.W.2d 577; Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 55 N.W.2d 528; and similar cases. There is a vast difference in those cases and the instant case. So far as the writer can determine, we have never held that what would be prejudicial error in the submission of a plaintiff's case is cured where there is a verdict for the defendant on a counterclaim. If this be the rule then a

plaintiff may have an erroneous verdict directed against him, as was virtually done here; and if the jury finds against him on a counterclaim, he is without a remedy for the admitted wrong. We do not so hold.

II. One other assigned error warrants consideration. It pertains only to intervenor, Nelle Cullen, on the counterclaim.

It appears without contradiction that plaintiffs' automobile was registered in the name of Nelle Cullen, intervenor.

Sexton v. Lauman, 244 Iowa 570, 57 N.W.2d 200, 37 A. L. R. 2d 353, involved the same collision that is here involved. There Nelle Cullen was a defendant; her liability being based upon her alleged ownership of the car being driven by Lauman, and her consent to his driving it. The testimony bearing upon this question is set forth on page 573 of 244 Iowa, page 201 of 57 N.W.2d, and is identical with the testimony in the instant case. We held it created a jury question on the issue of Nelle Cullen's ownership. The court also instructed as to presumptions of consent which arise from ownership, and we held such was proper.

In the instant case error is assigned in the giving of Instructions Nos. 19, 25 and 25A.

Instruction No. 19 said: "* * * If you further find that intervenor Nelle Cullen was the owner or part owner of the car and it was being driven that night by her consent, she too would be liable."

Instruction No. 25 states: "* * * Even though you find Nelle Cullen was the owner or part owner * * * still she would not be liable * * * unless the inference above set forth that it was driven by her consent is overcome. If you find it was not driven by her consent, and that said inference has been overcome, then she would not be liable."

Instruction No. 25A correctly states the presumption of ownership that arises from registration of a car, as announced in Sexton v. Lauman, supra.

In defendant's counterclaim, paragraph 3, he asserts the car was owned by Glenn or Nelle Cullen. Paragraph 4 alleges that the Hudson car was being operated by Lauman with the knowledge and consent of Glenn Cullen, *who was the owner,* and of intervenor, *in whose name the car was registered.*

Appellants contend that the only pleading in the case was the ownership in Glenn Cullen and the registration in Nelle Cullen; that no question is presented of ownership, and that registration, in itself, creates no liability in Nelle Cullen. We think there is merit to this claim.

██ ██ It is a recognized rule that an allegation binds the one who makes it. When its truth militates against the party who pleads it, it must be taken as true as against him. Reynolds v. Aller, 226 Iowa 642, 284 N.W. 825. Also, conclusions are controlled by specific allegations. Pease v. Citizens State Bank, 210 Iowa 331, 228 N.W. 83. Paragraph 3 of the counterclaim is merely a conclusion that the car is owned by one or the other. Paragraph 4 is a definite statement that Glenn Cullen owns the car. The fact that it is registered in one's name is only prima-facie proof of ownership, where ownership is alleged to be in such party. Where not so alleged, it is immaterial and creates no liability under section 321.493, Code of 1946, even though such party gave consent to its operation.

██ The trial court, by Instructions Nos. 19, 25 and 25A, injected into the case an issue which was not presented by the pleadings. Furthermore, Instruction No. 25 is so contradictory and confusing as to what would constitute "consent" under the instant facts that the jury could but speculate thereon.

Under the counterclaim, so far as Nelle Cullen is concerned, defendant has pleaded no issue such as would render her liable for the operation of the car by Lauman.

III. Plaintiff Otto Anderson, a passenger in the Cullen car, and who seeks to recover for personal injuries, in addition to the error treated in Division I hereof, asserts as error the conduct of the trial court in interrupting the testimony of a witness which was being given by deposition and making voluntary statements regarding the same. While the record shows conduct which is at least questionable and unwarranted, we do not feel it necessary to comment further thereon, since the case must be reversed on the appeal of all plaintiffs.—Reversed and remanded on appeal of plaintiffs Lauman, Glenn Cullen and Otto Anderson. Reversed and remanded with instructions to dismiss defendant's counterclaim as against Nelle Cullen.

WENNERSTRUM, C. J., and SMITH, MULRONEY and THOMPSON, JJ., concur.

OLIVER, GARFIELD and LARSON, JJ., dissent.

OLIVER, J. (dissenting)—I respectfully dissent.

I. The three specifications of defendant's negligence pleaded by plaintiffs are failure to: (1) turn to the right (2) keep a proper lookout, and (3) have his car under control. Plaintiffs did not allege defendant was negligent for failure to display proper lights. Nor were the instructions of the court objected to on that ground. This contention was evidently an afterthought which appears to have been first made in plaintiffs-appellants' brief and argument in this court. Appellants there state:

"The fact that he dimmed his lights so he could only see forty or fifty feet ahead when he had bright lights that would show 400 feet ahead and when as an experienced driver and trucker he had knowledge of the treacherous ice and the fact that the car ahead was in trouble would certainly have a bearing on the question of lookout."

The majority opinion adopts and enlarges upon this contention. It holds the specification that defendant failed to keep a proper lookout includes the failure to display the higher, as distinguished from the lower, beam of the headlights on his car. The majority cites no authority which supports this conclusion and none has come to my attention. It is contrary to our prior holdings that each charge of negligence is limited to the specific negligence charged therein.

II. Nor do I agree defendant's conduct in changing to the lower beam of the headlights of his car as the two cars approached would have justified submission of plaintiffs' case to the jury on this ground, had it been pleaded. The majority overlooks section 321.416, Code of Iowa, 1954, which provides:

"Duty to lower lights. Whenever the driver of a vehicle approaches an oncoming vehicle within five hundred feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver," etc.

The evidence shows defendant complied with this statute. The majority holds he could have been found, guilty of negligence because he did so. This leaves defendant between the Scylla of the statute and the Charybdis of the majority opinion. Defendant's failure to obey the statute would constitute negligence as a matter of law. His compliance with the statute would, under the majority opinion, warrant a finding he was negligent as a matter of fact.

III. Nor would the failure of the court to submit the specification of negligence of failure to keep a proper lookout entitle plaintiff to a reversal in any event. The jury returned a verdict for defendant on his counterclaim. Upon this point the instructions state, among other things, that before defendant can recover any damages upon his counterclaim he must show plaintiffs were guilty of one or more of the negligent acts specified by him and that the same were the proximate cause of such damages. The instructions state also: "Unless you find that defendant was not guilty of any negligence himself which contributed in any way or in any degree directly to the injury, defendant cannot recover in this action.

"* * *

"By 'contributory negligence' is meant such negligence or want of reasonable care on the part of the party injured which contributed in any way or in any degree directly to the injury and damage in question, and may consist in his voluntarily exposing himself to danger or in his failure to avoid danger when the danger was known to him or when, by the exercise of reasonable care and prudence on his part, he could have discovered the danger in time to have avoided it."

This verdict is a finding of fact that plaintiffs were negligent in one or more of the respects pleaded by defendant, that such negligence was the proximate cause of the collision and defendant was not guilty of any negligence which contributed in any way to it. This necessarily includes a finding that defendant by the exercise of reasonable care and prudence could not have discovered the danger to plaintiffs in time to have avoided the collision. Obviously such findings are fatal to plaintiffs' right to recover on their petition. Under such circumstances we

have repeatedly held errors assigned in other parts of the same case were not prejudicial. Fagen Elevator v. Pfiester, 244 Iowa 633, 637, 56 N.W.2d 577; Harriman v. Roberts, 211 Iowa 1372, 1375, 1376, 235 N.W. 751; Davidson v. Vast, 233 Iowa 534, 544, 545, 10 N.W.2d 12, 18; Smith v. Pine, 234 Iowa 256, 268, 12 N.W.2d 236, 243; Beck v. Dubishar, 240 Iowa 267, 271, 36 N.W.2d 438, 439, 440; Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 38, 55 N.W.2d 528, 533.

The majority opinion would avoid the rule of this line of cases on the ground those verdicts were for plaintiffs while this verdict is for defendant. There is no sound reason for such differentiation. In Davidson v. Vast, supra, 233 Iowa 534, 544, 545, 10 N.W.2d 12, 18, defendant counterclaimed against plaintiff and cross-petitioned against the part owner of the pickup truck which plaintiff's decedent was driving. The court withdrew these pleadings from the consideration of the jury and this was assigned as error. Upon appeal this court held, "in view of the verdict [for plaintiff] the ruling was without prejudice.

"Had the counterclaim and cross-petition been submitted, the jury should have been instructed to give no consideration thereto in the event it found plaintiff entitled to recover, because such finding would include the finding that defendant was negligent, that his negligence was the proximate cause of the collision, and that decedent was free from contributory negligence. The verdict for plaintiff did necessarily include such findings, which were fatal to any right of recovery on the counterclaim or cross-petition. There is no possible theory on which both plaintiff and defendant were entitled to recover. We must conclude, therefore, that if the counterclaim and cross-petition had been submitted, defendant could not have recovered thereon."

In the cited case defendant was actually the plaintiff in cross-petition against the party brought in by him as defendant in cross-petition.

The majority states: "If this be the rule then a plaintiff may have an erroneous verdict directed against him, as was virtually done here; and if the jury finds against him on a counterclaim, he is without a remedy for the admitted wrong." One

answer to that argument is all parties stand on an equality. The mere fact that the party who first reaches the courthouse is called the plaintiff does not entitle him to more favorable instructions on his claim than those given a defendant on a counterclaim.

The majority opinion would distinguish this case from the cited decisions, on the ground also that Instruction No. 6 on last clear chance "in effect told the jury that plaintiffs were guilty of contributory negligence as a matter of law." The instructions state:

### "No. 6

"All specific acts of negligence on the part of the defendant as claimed by plaintiffs are withdrawn from your consideration, and the only question you are to determine in this case as far as the liability of the defendant is concerned is whether the defendant had the 'last clear chance' to avoid the accident, and if he did have such last clear chance and did not take advantage of it, he might be guilty of negligence and be liable as you are hereinafter told in these instructions.

### "No. 7

"The doctrine of 'last clear chance' may be explained as follows:

"Where both parties are negligent, the one that has the last clear opportunity to avoid the accident, notwithstanding the negligence of the other, is responsible for it, his negligence being deemed the direct and proximate cause of it. In other words, if you find that plaintiff Lauman in this case has by his own negligence placed himself and his passengers in a dangerous position where injury is likely to result, the defendant, Dearmin, if he had knowledge or notice of such dangerous position of plaintiff's car, is bound to use reasonable care and diligence to avoid injuring the plaintiffs. And where, by the exercise of such care, he could do so but fails to avoid the injury, this negligence introduces a new element into the case and renders defendant liable because such negligence on his part becomes the direct and proximate cause of the injury."

These instructions are not fairly open to the interpretation they in effect tell the jury plaintiffs were guilty of contributory

negligence as a matter of law. Clearly nothing in Instruction No. 6 does so. The first sentence of Instruction No. 7 is only an abstract statement of law. This instruction merely permits the jury to find plaintiff "has by his own negligence placed himself and his passengers in a dangerous position."

Nor were plaintiffs' objections to the instructions sufficient to form a basis for these conclusions of the majority. Plaintiffs made no objection to Instruction No. 7. They objected to Instruction No. 6 "for the reason that there are no specific acts of negligence shown in the issues and that by the giving of such instruction the jury would possibly reach the inference that the plaintiffs were negligent, and that the said Instruction No. 6 is in no way necessary in connection with the other instructions, and that the matter as to the last clear chance is fully covered in other instructions, and by the insertion of such Instruction No. 6 there will be an undue burden placed upon the plaintiffs to overcome the fact that certain specific acts of negligence were at one time or another claimed by the plaintiffs and withdrawn by the court, and that since the said Instruction No. 6 is not in any way necessary the injection of the matter covered by the instruction is prejudicial to the plaintiffs."

IV. I am convinced Division I of the majority opinion is founded upon a specification of defendant's negligence not pleaded by plaintiffs, a holding that compliance with a statute governing the use of automobile headlights on the road requires the submission to the jury of the negligence of the complying drivers, the repudiation of a long line of our decisions that errors such as those asserted by the majority are in any event nonprejudicial, the misinterpretation of Instructions Nos. 6 and 7, and the finding of errors in instructions not raised by appellants in the trial court in the manner required by rule 196, Rules of Civil Procedure, and which do not exist in any event.

V. The majority opinion reverses the judgment against Nelle Cullen, intervenor, and remands the case with instructions to dismiss defendant's counterclaim against her. The reason given is defendant's pleading against her was technically insufficient in that it did not allege, with sufficient definiteness, her owner-

ship of the Hudson automobile with which defendant's car collided. This overlooks other pleadings. Nelle Cullen was not an original party to the case. She intervened and joined in the prayer of the petition of plaintiff Glenn Cullen. She prayed judgment against defendant, which included damages to the Hudson automobile. This necessarily was upon the theory she owned that automobile. Under the majority opinion Nelle Cullen's case against defendant for damages to her Hudson automobile is remanded for retrial but defendant's counterclaim against her is ordered dismissed because it is not claimed she owned the Hudson.

I would affirm the judgment as to all parties.

GARFIELD and LARSON, JJ., join in this dissent.