MICHAEL CUNNINGHAM, appellant, v. LOREN EDWARD COURT, appellee.

No. 49146.

(Reported in 82 N.W.2d 292)

656

April 3, 1957.

F. H. Becker, of Dubuque, and E. L. Gross, of Strawberry Point, for appellant.

Donohue & Wilkins, of New Hampton, for appellee.

LARSON, J.—This law action for damages grows out of a collision in the daytime at an intersection of Highway 3 and a gravel crossroad about five miles west of Strawberry Point, Iowa, between plaintiff's pickup truck and defendant-counterclaimant's Chevrolet automobile. There was a jury verdict and judgment for the defendant with no damages, and plaintiff appeals.

Both plaintiff and defendant were traveling east on Highway 3, the defendant some distance behind the plaintiff as they approached an intersection of said highway, with the gravel road running north and south. The pavement on Highway 3 is 18 feet wide, and there are rather wide shoulders on each side thereof up to the intersection some 20 feet wide. The north gravel road was approximately 30 feet in width. There is a descent or dip between 450 and 500 feet to the west of the intersection on Highway 3, and there was some dispute as to whether it was deep enough to hide an approaching vehicle.

Plaintiff testified that as he topped that rise going east at 40 miles per hour, he started to let up on his foot feed, turned his window down, and put out his arm. He had seen defendant when he was about 1050 feet from the intersection and estimated that at that time defendant was some four tenths of a mile behind him. When he was about 100 feet from the intersection, going 25 miles per hour, he looked back and saw the defendant's car just coming over the rise some 450 feet to his rear. He believed he had time to turn, applied his foot brake, slowed to 15 miles per hour when about 20 feet from the intersection, and made the left turn into the north gravel road. As he was leaving the left side of the pavement he was struck a glancing blow by defendant's car just behind the left cab door, and his truck was driven off the road and some 110 feet into the adjoining field on his right. Defendant's car swung around after the impact and landed against a telephone pole some 47 feet east of the point of impact. Plaintiff's truck was about 17½ feet long.

A highway patrolman on the scene shortly thereafter made the measurement and located the point of impact as six or eight feet north of the north edge of the pavement near the center of the gravel road. He testified he found and measured a skid mark from a point 4½ feet or midway from the center line to the north edge of the pavement, extending northeasterly 96 feet to the pavement's edge, thence in the gravel shoulder 28 feet northeasterly to the point of impact. Only one tire mark showed, and he did not know whether it was the right or left wheel that made it. He testified the day was overcast, but visibility was unlimited. The road was normal and dry and the air crisp and chilly.

The defendant testified that as he came over the rise west of the intersection at about 55 miles per hour he speeded up to 65 or 70 miles per hour, driving in his right or south lane. When he was about 135 feet from plaintiff's truck, also in the right lane, he saw plaintiff suddenly slow down and start a left turn. He said he did not observe any lights or signals given by the operator of the truck, and that he usually watched for them. He did not at any time see the rear brake light on the truck go on, and did not observe any hand extended from the left window of that truck. He testified that when he saw plaintiff turning he pulled to the left and put his "feet on the brake just as hard as I could." He knew the shoulder was soft and believed his best chance was to try to turn with the plaintiff, and although he knew they would collide, he felt his best chance to save himself was to avoid a direct hit. Although it is clear that had he turned slightly to the right or kept in his right lane of traffic no collision would have occurred, he contends it was necessarily an emergency decision and that he rightfully thought it the least dangerous maneuver. He stated he was not attempting to pass defendant at that time or place.

The patrolman testified he examined the vehicles when he arrived, found plaintiff's left window down, and that plaintiff's taillight was activated when his fellow officer pressed on the foot brake pedal.

Both parties were seriously injured and were taken to a hospital in Manchester, Iowa. They suffered more or less permanent injuries, but that issue is not involved in this appeal.

The foregoing is a fair statement of the record.

Plaintiff's petition predicated his claim in Division I upon res ipsa loquitur, and in Division II upon specifications of negligence. Defendant's answer denied plaintiff's allegations and pleaded four specific acts of negligence upon plaintiff's part. These were denied by plaintiff. Defendant also filed a counterclaim alleging three of the same specifications of negligence contained in his answer, and demanded affirmative relief. The jury found for the defendant without damages, and the trial court overruled plaintiff's motion for a new trial. Plaintiff appealed stating the issues to be, whether defendant was negligent as a

matter of law, whether plaintiff was free from any negligence, or whether both were negligent, and presents the following questions by the appeal:

(1) The correctness of the court's refusal to direct a verdict on the counterclaim.

(2) The propriety of certain instructions, namely No. 16 and No. 18, relating to a sudden emergency.

(3) The correctness of certain court rulings during the trial.

I. It is of course error for the trial court to submit to the jury a specification of negligence where there is no evidence introduced thereon, and in most instances it is prejudicial error: Isaacs v. Bruce, 218 Iowa 759, 254 N.W. 57; Baker v. Zimmerman, 179 Iowa 272, 278, 161 N.W. 479, 481. In the Baker case the exception is stated that "where, by special interrogatory or otherwise, the issue appears to have been found in favor of the party complaining, all inference of prejudice is avoided."

Here plaintiff contends there was no evidence, or at most only a scintilla of evidence, to support the defendant's specification of plaintiff's negligence, first as defensive in plaintiff's case, and second in defendant's counterclaim. If there were no evidence to justify the submitting of the specifications of negligence in defendant's answer, such error might well be prejudicial error, for that error would not be cured unless the jury found for him, which it did not. However, the error in such a submission of the specifications in defendant's counterclaim would be nonprejudicial if, as in the case before us, the jury found against him in that action. Baker v. Zimmerman, supra; Fagen Elevator v. Pfiester, 244 Iowa 633, 56 N.W.2d 577, and cases cited; Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 38, 55 N.W.2d 528, 533; Davidson v. Vast, 233 Iowa 534, 10 N.W.2d 12, and others.

If there is substantial evidence to sustain any specification submitted by the court, then the trial court would be not only justified in its submission, but would be required to submit the fact issue to the jury. In plaintiff's motion to direct a verdict for him and against defendant on his counterclaim plaintiff contends there is no evidence in the record which sustains the specifications (1) that at or about the time plaintiff reached the intersecting county highway he suddenly decreased

his speed without giving an appropriate signal; (2) that upon reaching said intersection the plaintiff changed the direct course of his vehicle without giving a proper signal; and (3) that the plaintiff failed to keep a proper lookout to his rear. The trial court believed there was sufficient evidence on each specification of negligence to submit the issue to the jury, and while it must be conceded defendant's testimony on the first two is not strong, yet we feel under the testimony previously set out it was sufficient to let a jury pass upon and determine the facts.

■ Plaintiff contends the statement by defendant that he did not see or observe any signal given by plaintiff as a warning that he was slowing down or intended to make a left turn was not sufficient evidence to raise the issue as to whether plaintiff did give such appropriate, timely and adequate signals as by law required. See Code sections 321.316, 321.317, and 321.318, Code of 1954. They cite Isaacs v. Bruce, supra, 218 Iowa 759, 254 N.W. 57, wherein the testimony of a passenger in the defendant's car that he did not see or hear the driver give a signal was held insufficient evidence of negligence to permit the court to submit that issue to the jury. The evidence here is stronger, for defendant, in addition to saying he observed no signals, said, "when I saw him there was no indication that he was going to turn when I came upon him", and "I did not at any time see the rear brake-light on the truck go on. * * * I usually watch for lights to turn." The only fair inference, if such testimony is not more, is that no signals were given by the plaintiff, which clearly is in conflict with the statements of the plaintiff that they were given. Such conflict being as to a matter of fact, it was for the jury to determine, and we believe these specifications of negligence were sufficiently supported for the jury's consideration. Frideres v. Lowden, 235 Iowa 640, 645, 17 N.W.2d 396.

■■ As to specification on lookout, while plaintiff said he looked twice, once at 1050 feet and again at about 25 feet, proper lookout, either frontward or backward, means more than just a look. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 199, 61 N.W.2d 696; Devore v. Schaffer, 245 Iowa 1017, 1024, 65 N.W.2d 553; Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 82

N.W.2d 82. It is also not enough to be merely aware of another's presence, but the action taken under the circumstances must be prudent and with due care considering the other's position at that time. This is, of course, another fact question, and here the jury might well find that plaintiff did not act as a prudent and careful person in attempting to turn left in the face of a fast-moving automobile approaching so near him from the rear. Plaintiff said he saw defendant some 450 feet behind him and thought he had time to make the turn before defendant got there. The jury could well find this look insufficient under the circumstances. The questions of his due care and prudence under the circumstances were clearly facts to be determined by the jury. Young v. Blue Line Storage Co., 242 Iowa 125, 131, 44 N.W.2d 391; Harmon v. Gilligan, 221 Iowa 605, 607, 266 N.W. 288; Miller v. Lowe, 220 Iowa 105, 261 N.W. 822.

We conclude there was no error in submitting the specifications complained of either in plaintiff's or defendant's case, or, in other words, under the defensive allegation and under the counterclaim.

II. Plaintiff contends strongly that the court should have directed a verdict against defendant on his counterclaim for the reason that it appears from the whole record defendant's contributory negligence is so palpable that reasonable minds may reach no other conclusion. Howie v. Ryder & Mc-Gloughlin, 244 Iowa 861, 865, 58 N.W.2d 389, 391, and cases cited therein. In the Howie case we said: "In considering this question, the undisputed physical facts may nullify direct testimony", citing Fraser v. Brannigan, 228 Iowa 572, 293 N.W. 50, and others. Without again reviewing the evidence in the case at bar, we are inclined to agree with counsel for plaintiff that evidence of excessive speed under the circumstances, lack of adequate control, and failure to keep a proper lookout, to say nothing of evidence of statutory violations at or near the intersection, would justify a finding that defendant was guilty of contributory negligence as a matter of law. Howie v. Ryder & McGloughlin, supra; Smith v. Pine, 234 Iowa 256, 264, 12 N.W.2d 236; Lauman v. Dearmin, 246 Iowa 697, 708, 69 N.W.2d 49. However, we deem it unnecessary to decide this point.

■ III. This error, if it be error under the circumstances, was not prejudicial error. The rule in Iowa is firmly fixed that a jury finding against defendant on his counterclaim obviated any prejudice from an alleged error of which plaintiff might otherwise complain. Baker v. Zimmerman, supra, 179 Iowa 272, 278, 161 N.W. 479; Harriman v. Roberts, 211 Iowa 1372, 1375, 1376, 235 N.W. 751; Davidson v. Vast, supra, 233 Iowa 534, 544, 545, 10 N.W.2d 12, 18; Smith v. Pine, supra, 234 Iowa 256, 268, 12 N.W.2d 236, 243; Beck v. Dubishar, 240 Iowa 267, 271, 36 N.W.2d 438, 439; Slabaugh v. Eldon Miller, Inc., supra, 244 Iowa 29, 38, 55 N.W.2d 528, 533; Fagen Elevator v. Pfiester, supra, 244 Iowa 633, 637, 56 N.W.2d 577. This is particularly true as to a case involving contributory negligence in defendant's counterclaim.

Plaintiff bitterly complains against this rule and cites Lauman v. Dearmin, supra, 246 Iowa 697, 69 N.W.2d 49, as authority for the proposition that the rule does not apply to errors which may affect the plaintiff's case, and contends the erroneous submission of specifications in the defendant's counterclaim can have such effect, especially where they are the same ones that are pleaded by defendant in plaintiff's case.

In Division I hereof we have said we do not feel there was error in submitting those specifications under the testimony in plaintiff's case. The same reasoning would avoid a claim of prejudice if submitted in the defendant's counterclaim, so that the real error, if there were one, relates to defendant's guilt here of contributory negligence, which falls squarely within the rule announced above.

■ We recognize much merit in plaintiff's complaint of possible prejudice by the trial court's mixing or scrambling instructions applicable to both the case of the plaintiff and that of the defendant. It certainly does nothing to dissolve jury confusion in its proper effort to consider the cases separately, even though as herein we find no serious error in the court's instruction on the involved propositions. Here the court told the jury in Instruction No. 9:

"If you find for the plaintiff, Michael Cunningham, against the defendant, Loren Edward Court, in this action, it will not

be necessary for you to consider and determine the damages, if any, sustained by the defendant, as set out in his counterclaim against the plaintiff. However, if you fail to find for the plaintiff against the defendant, you will next consider the counterclaim of the defendant."

The court also gave the usual instruction, No. 19, near the end, that "The court, however, has not attempted to embody all the law applicable to this case in any one of these instructions, but in considering any one instruction you must construe it in the light of and in harmony with every other instruction given * * *." Such an instruction, together with the reference to both plaintiff's and defendant's obligations or burdens in single instructions, plaintiff contends, had the effect of putting a stamp of approval on a balancing off of the claims of each, and in this case was highly prejudicial to plaintiff's case.

It is true the trial court gave but one instruction on "lookout" and made reference therein to both plaintiff's duty to keep a proper lookout to the rear, and defendant's duty to keep a proper lookout ahead. However, as pointed out by defendant, no such complaint was made to the court at the time the case was submitted, and we cannot now consider it for the first time. At least as to plaintiff's case, he had the duty to preserve his record and is not excused therefore under our holding in Florke v. Peterson, 245 Iowa 1031, 1036, 65 N.W.2d 372. In other words, his motion as to defendant's case would protect him only if it were found good as to errors in instructions as to that part of the action.

IV. Plaintiff assigns as error the submission by the court of the issue as to a sudden emergency and also complains as to the correctness of Instruction No. 18 relating thereto. It is true one cannot shield himself behind an emergency created by his own negligence. Carpenter v. Campbell Automobile Co., 159 Iowa 52, 140 N.W. 225; Westcott v. Waterloo, C. F. & Nor. Ry. Co., 173 Iowa 355, 155 N.W. 255. It is, of course, also incumbent upon the party urging the existence of "sudden emergency" to sustain his contention that such an emergency had developed as would constitute a legal excuse for some omission of duty on his part. For a complete discussion of this sub-

664

ject see Luppes v. Harrison, 239 Iowa 880, 32 N.W.2d 809, and cases cited; Young v. Hendricks, 226 Iowa 211, 283 N.W. 895. However, as set forth in Division I hereof, we are inclined to agree with the decision of the trial court that the issue as to whether there was an emergency and whether defendant had met his burden to prove such existed, independent of his own fault, was for the jury.

Defendant was admittedly operating his vehicle in the left lane of the highway within 100 feet of the intersection and unexplained or unexcused would be guilty of contributory negligence as a matter of law. Code section 321.304 provides:

"No vehicle shall, in overtaking and passing another vehicle * * * be driven to the left side of the roadway under the following conditions: * * * 2. * * * when approaching within one hundred feet of or traversing any intersection * * *."

We said in Florke v. Peterson, supra, 245 Iowa 1031, 1034, 65 N.W.2d 372, 373: "We have consistently held that violation, without legal excuse, of a statute which prescribes the care required under given conditions constitutes negligence per se", citing cases. Also see 65 C. J. S., Negligence, section 19c(2)(a), page 418; 38 Am. Jur., Negligence, section 196.

It therefore became defendant's duty to prove a "sudden emergency" as an excuse for his presence in the left lane, which at least by a strong inference tended to establish the fact that defendant was attempting to pass at that time. As stated, he denied such attempt and claimed he turned into the left lane about 135 feet from the intersection when he saw plaintiff suddenly turn to the left before him.

It is plaintiff's contention the facts disclose preceding negligence on the part of defendant, but as a matter of law we do not believe such is shown to the extent at least that the minds of reasonable men might not differ. Although the evidence of excessive speed under the circumstances is somewhat persuasive, we do not believe it was error here for the court to permit the jury to determine whether there was negligence prior to the alleged situation which defendant claims gave rise to the emergency.

We find no error in the court's Instruction No. 18. It told the jury therein:

"It is contended by defendant * * * that * * * (plaintiff) did turn to the left at said intersection directly in front of defendant's approaching automobile and that these facts created a sudden emergency not of the making of the defendant, * * * and that in an attempt to avoid striking the vehicle operated by the said Michael Cunningham the said * * * (defendant) swerved to the left into the intersecting highway, resulting in the collision of the two motor vehicles."

The instruction then goes on to state that in a sudden emergency, the driver need not exercise the same deliberate judgment as he would otherwise have been required to exercise; that the emergency to be claimed by Loren Court is an excuse and must not have been an emergency of his own making, and that he must have used ordinary care under the emergency circumstance.

We have decided heretofore that the trial court was correct in submitting to the jury the issue as to whether an adequate and timely warning had been given by plaintiff. As there is no evidence to dispute defendant's contention he was in his own right lane intending to pass plaintiff *after* they were by the intersection, and that when he was some 135 feet away plaintiff's sudden left turn so surprised him that he acted as he thought best under the circumstance, we must conclude that the instruction was proper and adequate. From the record and the other instructions given, it is clear the only negligence excused, if it were excused, was defendant's act in operating his vehicle to the left under the circumstances then and there existing. While the instruction may have been clarified somewhat, there is no claim by plaintiff that he asked such clarification. Since plaintiff did not object to the instruction on this ground within the proper time as required by rule 196, Rules of Civil Procedure, he may not now complain.

V. The trial court refused to permit jury consideration of offered testimony of one Wolf concerning the speed of defendant's car some eight miles west of the intersection collision. It is contended such testimony was proper as being rebuttal testimony of defendant's statements both in direct and cross-examination, that he did not drive over 65 or 70 miles per

hour at any time in his trip from the city limits of Oelwein, some 15 miles to the west, and the scene of the accident. Smith v. Rice, 178 Iowa 673, 160 N.W. 6; Cawley v. Peoples Gas & Electric Co., 193 Iowa 536, 187 N.W. 591. On the other hand, defendant contends Wolf's testimony that defendant had passed him going 80 miles per hour and continued to so travel until he was out of sight at a point some eight miles west was too remote and had no bearing on or causal connection with the situation at the scene of the accident. The court took defendant's view and, while we think the evidence might well have been admitted as rebuttal of defendant's reasonable driving that afternoon, yet we feel to have denied admission of such testimony was not prejudicial error, it being difficult to see how it had any causal connection with the collision at the intersection involved. The admissibility of such testimony remains largely within the sound discretion of the trial court. Comins v. Scrivener, 10 Cir., N. M., 214 F.2d 810, 46 A. L. R.2d 1. We do not believe here that discretion was abused by the court.

■■■ VI. Finally, plaintiff's offer of testimony of one Donald Miersen in rebuttal concerning an experiment and observation made by him during the trial as to the depressions and rises in Highway 3 west of the involved intersection was rejected by the court. Due to sharp cross-examination of the witnesses there was some uncertainty as to the depth of the depression commencing some 500 feet west of the intersection, and of another depression some distance beyond. Which depression would and which one would not hide an approaching vehicle was not clear, but the fact was clear that visibility 500 feet westward was unobstructed. It is not disputed a sufficient time before the accident each vehicle was in the clear view of the other. While the offered evidence was not seriously objectionable, there was ample testimony as to the contour of the highway, and the court did not abuse its discretion in denying this added testimony. It was clearly not reversible error to have rejected it here.

VII. As to other plaintiff complaints, although perhaps vexatious to counsel concerning rulings on objections relative to evidentiary matters, such as the form of the questions propounded to witnesses and as to leading questions, we have care-

fully reviewed the record and find no error that would justify a reversal of this case. The verdict and judgment must therefore be affirmed.—Affirmed.

All JUSTICES concur.